Argued November 11, decided November 20, 1913.

## BARBER v. TOOMEY.

(136 Pac. 343.)

**Appeal and Error—Questions Reviewable.**

1. Under Section 550, L. O. L., providing a party may appeal from some specified part of a decree, and his notice of appeal shall specify the particular part, and Section 557, providing that the court may affirm, reverse or modify the decree in the respect mentioned in the notice, and not otherwise, certain defendants appealing only from the part of the decree in mortgage foreclosure holding their interests subject to the mortgage, plaintiff, not appealing, may not have reviewed the decision refusing him a personal judgment against such defendants.

**Landlord and Tenant—Mortgage of Leasehold—Constructive Notice of Conveyance by Mortgagor.**

2.   The record of a deed of an undivided interest in a lease and in the lessee's right therein is constructive notice to one thereafter taking from the lessee a mortgage of his interest in the leased property.

**Tenancy in Common—Mortgage by Tenant—Contract of Cotenant to Pay.**

3.   Statement to B., pending suit by him, to foreclose a mortgage given him by T., lessee of property, on his interest in the leased property, by C., who before the giving of the mortgage had received from T., and recorded, a deed of a half interest in the leasehold, that he intended in good time to pay the mortgage, and that he was responsible for half the mortgage and note, and that he recognized the B. mortgage, does not constitute a contract, or create an obligation, but at most tends to prove some previous obligation.

> [As to right of tenant in common who pays mortgage to enforce it against cotenant, see note in Ann. Cas. 1912C, 1264.]

**Evidence—Conclusion of Witness.**

4.   Statement of witness that another "recognized" a certain mortgage is a conclusion.

**Tenancy in Common—Mortgage by Tenant—Extension to Cotenant's Interest.**

5.   Even if a lessee's assignees of a half interest in and under the lease had an intention to contribute to the payment of a loan, which, after the assignment, the lessee obtained, securing its payment by mortgage of his interest in the leased premises, and though they put aside funds for that purpose, this would not have the effect of extending the mortgage over their interest.

**Tenancy in Common—Mortgage by Tenant—Contract of Cotenant to Pay.**

6.   Evidence of statements, made by a lessee's assignees of a half interest in the lease, indicating that they felt bound in some way for part of a debt, by the lessee contracted, and secured on his interest in the lease, after he had made such assignment, is insufficient to prove the making of a contract by them to pay part of the debt.

**Contracts—Evidence to Establish.**

7.   To establish a contract, the evidence must show when, where, and by whom it was made, and the terms thereof.

**Mortgages—Equitable Mortgage—Necessity of Agreement.**

8.   To constitute even an equitable mortgage, there must be some kind of an agreement by the owner of the property that it shall be held as security for a debt.

**Tenancy in Common—Power to Mortgage.**

9.   A tenant in common, as such, has no power to mortgage or convey the interest of his cotenant.

Landlord and Tenant—Covenants of Lease—Effect on Lessee's Assignee.

10. While assignees of a lease are bound to the lessor by covenants of the lease, and so are bound by the covenant therein of the lessee to erect, on the premises, a building, such covenant, not even providing when the building should be erected, does not authorize the lessee, after assigning an interest in the lease, to borrow money with which to erect the building, and to mortgage the interest of the assignees to secure the loan.

From Multnomah: HENRY E. McGINN, Judge.

Department 1.   Statement by MR. JUSTICE RAMSEY.

This is a suit in equity by S. J. Barber against J. M. Toomey, A. Mueller, E. Kiesendahl, R. J. Jennings, J. W. Hurley, W. N. Daniels, J. L. M. Shetterle, Jr., P. C. Wood, J. D. Casey and J. H. Hutchinson, to foreclose a mortgage. A decree was rendered in the court below for the plaintiff. The defendants, J. D. Casey and J. H. Hutchinson, appeal from a portion of said decree. None of the other parties appeal.

MODIFIED.

For appellants there was a brief and an oral argument by *Mr. Leroy Lomax.*

For respondent there was a brief over the names of *Messrs. Teal, Minor & Winfree,* with oral arguments by *Mr. Wirt Minor* and *Mr. George W. Stapleton.*

MR. JUSTICE RAMSEY delivered the opinion of the court.

On August 14, 1908, S. M. Barr and others leased to J. M. Toomey for the period of 25 years, lots 6 and 7 in block 37 in Couch's Addition to the City of Portland, Oregon. In addition to paying a monthly rent for the use of the premises, the lessee covenanted that he would erect on said premises a new building covering said lots. Said new building was required by

said lease to be so constructed as to be suitable for stores on the main floor and for hotel purposes on the upper floors, and was to be a good, modern building, strong, substantial, and durable. The lease does not state when this building should be erected, but it provides that, if said lease shall be in force to the end of said period of 25 years, the lessors shall pay to the lessee one-half of the cost of said building. Said lease provides, also, that each and all of the terms and provisions thereof shall apply to and bind each and all of the heirs and assigns of the parties thereto, as well as the lessors and lessee. On July 30, 1909, the defendants Toomey, Mueller, Kiesendahl and Jennings borrowed from plaintiff, Dr. Barber, $20,000, and executed to him their joint and several promissory note therefor, whereby they promised to pay to his order, five years after date thereof, said sum of $20,000 in United States gold coin, with interest thereon, in like coin, at the rate of 8 per cent per annum, from date until paid, the interest to be paid semi-annually to July 16, 1910, and quarterly thereafter, and it was further provided by said promissory note that if said interest should not be so paid, the whole sum of both principal and interest should become immediately due and collectible at the option of the holder of said note. Said note provided, also, for the recovery of a reasonable attorney's fee in any action or suit instituted to collect said note. To secure the payment of said $20,000, and interest and attorney's fee according to the terms of said promissory note, the defendants, who executed said promissory note as above stated, on the 31st day of July, 1909, executed to the plaintiff a mortgage, whereby they sold and conveyed to the plaintiff all the interest of the mortgagors and of each of them in and to lots 6 and 7 of block 37 in Couch's Addition to the City of Portland, Oregon, and to all buildings and

other improvements then on said lots, and in addition thereto all buildings and other improvements which should be put on said property by the mortgagors or by any or either of them, etc. Default was made in the payment of the interest due on said note and mortgage, and this suit was instituted to foreclose the same and to recover from said mortgagors said sum of $20,000, with interest thereon at the rate of 8 per cent per annum from August 6, 1911, and attorney's fees; and for the recovery from J. D. Casey of the sum of $10,000, with interest from August 6, 1911, and for the recovery from J. H. Hutchinson, of $5,000, with interest from August 6, 1911, and costs and disbursements. On the 16th day of March, 1909 (before the execution of said mortgage), said J. M. Toomey, by a written deed under seal and duly executed, sold and conveyed to the appellant J. D. Casey an undivided one-half interest in and to the lease, made as aforesaid by said S. M. Barr and others to said J. M. Toomey, of said lots 6 and 7 of said block 37 of Couch's Addition to the City of Portland, for the said term of 25 years, including an undivided half interest in all the rights of said Toomey in said lease. This deed was recorded in the record of deeds of Multnomah County, on July 29, 1909, two days before said mortgage was executed. On the 31st day of July, 1909, the day on which said mortgage was executed, the defendant Toomey executed to the defendants A. Mueller, E. Kisendahl, and R. J. Jennings a deed of conveyance, purporting to convey to them an undivided three-fourths interest in and to the above-mentioned lease, made by said S. M. Barr and others to said Toomey on the above-described lots. On May 19, 1911, the defendant Toomey executed a paper to the defendants Casey and Hutchinson, purporting to lease and let unto them an undivided one-half interest in and to that certain three-

story and basement building known as the Barr Hotel,
with the contents thereof and furniture (excepting
the piano and barroom furniture and fixtures), said
building being situated on said lots, for the term of
six months, with an option to retain said property 42
months after the expiration of said term of six months.
Casey and Hutchinson agreed to pay $600 per month
rent for said half interest in said hotel for said period.
Said lease contains this provision:.

"It being further understood that there is a certain
mortgage on said leased property made in favor of
S. J. Barber for the sum of $20,000.00 and bearing date
on or before August 1, 1909, wherein and whereby the
said party of the first part has agreed to deposit on
account of said mortgage and other expenses $1,000.00
per month in the Portland Trust Company of Oregon,
it is further understood and agreed that $500.00 of
each of the said rental payments shall be deposited
by the parties of the second part with the Portland
Trust Company of Oregon, and will be credited with
like payments on this lease, and the balance due the
party of the first part on this lease, to wit: One hun-
dred dollars per month, shall be placed to the credit
of the party of the first part in the U. S. National
Bank of Portland, Oregon."

After the defendant Casey purchased of Toomey a
one-half interest in said lease made to Toomey by S.
M. Barr, and others as aforesaid, he conveyed one
half of his said one-half interest therein to the defend-
ant Hutchinson. The defendants Casey and Hutchin-
son own a one-half interest in said leasehold estate
created by the lease made by S. M. Barr and others
to said Toomey, each of them owning an undivided
one fourth thereof. The defendants Hurley and
Daniels claim some interest in said leasehold estate,
subsequent in time and subordinate in equity to the
rights of the plaintiff. In the court below the plain-

tiff asked for a personal decree against the defendant
Casey for $10,000, and against defendant Hutchinson
for $5,000; but the trial court refused to grant a per-
sonal decree against either of them for any sum.    The
court below entered a decree in favor of the plaintiff
and against the defendant Toomey, Mueller, Kiesen-
dahl and Jennings, for the recovery of $20,000, with
interest thereon from the 6th day of August, 1911, at
the rate of 8 per cent per annum, and the further sum
of $666 as attorney's fee and for costs and disburse-
ments, and also a decree declaring said sums of money
to be a lien under and by virtue of said mortgage
executed by said Toomey and others to the plaintiff,
upon the *whole* of said leasehold estate for said term
of 25 years, created by said lease made by said S. M.
Barr, and others to said J. M. Toomey, as stated,
*supra,* and declaring that the one-fourth interest in
said leasehold estate owned by the defendant J. D.
Casey and the one-fourth interest in said leasehold
estate owned by the defendant J. H. Hutchinson are
subject to the lien of the plaintiff on said leasehold
estate for the above-specified sums of money owing
on said mortgage; and said court also decreed the
foreclosure of the plaintiff's said mortgage on said
leasehold estate and the sale of said property.    The
court below held that the said mortgage to the plain-
tiff of the said leasehold estate in said lots 6 and 7 in
block 37 of Couch's Addition to Portland covered, not
only the one-half interest therein that Toomey and the
other mortgagors owned therein on July 31, 1909,
when said mortgage was executed, but that it covered,
also, the one-half interest in said leasehold estate that
J. M. Toomey sold and conveyed to J. D. Casey on the
16th day of March, 1909, *more than four months prior
to the execution of said mortgage.*

1. The defendant Casey and Hutchinson are the
only parties that have appealed, and they have ap-

pealed only from that portion of said decree holding that said mortgage was prior in time and right to their interests in said leasehold estate, and was a lien upon their interests in said property, etc. No other part of said decree is appealed from.

Under Section 550, L. O. L., a party to a decree is authorized to appeal from the whole decree *"or from some specified part thereof,"* and his notice of appeal should specify the particular part of the decree from which he appeals, if he does not appeal from the whole thereof.

Section 557, L. O. L., is as follows: "Upon an appeal the appellate court may affirm, reverse, or modify the * * decree appealed from *in the respect mentioned in the notice, and not otherwise,"* etc.

In *Roach's Estate,* 50 Or. 189 (92 Pac. 122), the court says: "In construing these provisions (those referred to *supra)* it has been held that the final decree of Circuit Courts was to be modified only in the manner specified in the notice of appeal, and that, when no cross-appeal is taken, it will be presumed that the respondent is satisfied with the determination of the cause, as made by the court below."

In *Shook* v. *Colohan,* 12 Or. 242 (6 Pac. 505), the court, referring to the section of the statute cited, *supra,* says: "Subdivision 1 of Section 527 of the Civil Code provides 'that such notice (the notice of appeal) shall state that the appellant appeals from the judgment or decree of the Circuit Court, *or some specified part thereof.'* And Section 534 of the Civil Code provides that: 'Upon appeal, the appellate court may affirm, reverse or modify, the judgment or decree appealed from, in the respect mentioned in the notice and not otherwise.' * * These two provisions, taken together, seem to restrict the review to the part of the decree specified in the notice, although the latter portion of Section 533 of the Code provides that, upon

an appeal from the decree given in any court, the suit shall be tried anew upon the transcript and the evidence accompanying it.''

In this case, we can review only that part of the decree of the court below appealed from by Casey and Hutchinson. We cannot review the decision of the court below refusing to render a personal decree against the defendants Casey and Hutchinson for the payment of the money which the plaintiff asked in his complaint. The failure of the plaintiff to appeal from that part of the decree precludes our examining that subject.

The question for decision on this appeal is, Does the plaintiff's mortgage cover the one-half interest in the leasehold estate described in the complaint and in said mortgage which J. M. Toomey conveyed to J. D. Casey on March 16, 1909?

2. The deed to Casey was executed March 16, 1909, and recorded July 29, 1909. The plaintiff's mortgage was made July 31, and recorded August 2, 1909. The record of Casey's deed on July 29, 1909, imported constructive notice to the plaintiff of the execution of said deed and of its contents. The amended complaint (printed record, pp. 4, 5) alleged that soon after said S. M. Barr and others executed to said Toomey said lease, Toomey entered into an oral agreement with Casey, to the effect that Casey should have an undivided one-half interest in said leasehold estate, and that Toomey conveyed to Casey said one-half interest in said leasehold estate by an indenture in writing. It appears beyond any doubt that Casey owned an undivided one-half of said leasehold estate at the date of the execution of said mortgage, and that Toomey owned the other one half thereof. They were tenants in common of said estate. There is no allegation in the amended complaint, and there is no evi-

dence tending to prove that the plaintiff did not know, when he loaned the money to Toomey, that Toomey owned only a one-half interest in said estate.    There is no allegation in the amended complaint that Casey was guilty of any fraud; nor is there any plea of estoppel as to Casey or Hutchinson.    There is no allegation in the amended complaint, or any evidence in the record, to the effect that either Casey or Hutchinson made any contract that said mortgage should cover their respective interests in said leasehold estate.

Toomey, as a witness, for the plaintiff, testified, on pages 27 and 29 of the evidence, that Casey refused to assist him to borrow said $20,000, and that after Casey refused to join with Toomey in executing the mortgage to the plaintiff, Toomey went about and executed it himself.    But, in order to get the money, Toomey had to obtain the signatures of Mueller, Kiesendahl and Jennings to the note and mortgage. The note for the $20,000 bore interest at 8 per cent per annum, and until July 16, 1910, the interest was payable semi-annually, and after that date quarterly. It seems, also, that $2,000 of the amount had to be paid to some money broker as commission for obtaining the loan.    It is hardly surprising that Casey refused to be a party to such a loan.    The evidence shows that Casey refused, in the presence of five witnesses, to have anything to do with said loan.

3. The respondent in his brief quotes from the evidence of the plaintiff, in which he says that after this suit was begun, he saw Casey and Hutchinson in the courtroom, and asked them why they did not pay the mortgage and stop the costs, and that they replied "that they intended to do it in good time, or something to that effect, and one of them remarked that they were responsible for their half of the mortgage and the note, but they didn't feel disposed to comply

with my request. They said, however, that they recognized the Barber mortgage, and one of them said that they didn't get their money that way." Talk like that does not constitute a contract, or create an obligation. It might tend to prove some previous obligation.

4. Mr. Sinnott says that Casey and Hutchinson "recognized" the Barber mortgage, but such a statement is a conclusion. It does not appear just what is meant by "recognizing the Barber mortgage." Both Casey and Hutchinson knew and recognized that Toomey and others had executed said mortgage.

5. Mr. Sinnott says, also, that according to his recollection, when Casey sold to Hutchinson a one-fourth interest in said leasehold estate, Mr. Hutchinson retained $5,000 of the purchase price, which was one fourth of the Barber loan, and he says that he thinks that this money was retained "in view of the Barber loan." However, Casey and Hutchinson may have contemplated contributing toward the payment of said loan. If they had such intention and put aside funds for that purpose, that would not have the effect *to extend Barber's mortgage over their property.*

6. Mr. Walton testified that Casey and Tutchinson both said to him that they would not pay any more on this mortgage until it was foreclosed, and that Casey said he had sold his half interest to Mr. Hutchinson, and that the latter had retained $5,000. Casey said to him that Hutchinson owed either him or Dr. Barber $5,000 and said he assumed payment of half, which would amount to $10,000. This witness says that Casey told him that he was liable to Dr. Barber on the mortgage. These statements tend to show that Casey considered himself in some way obligated to pay part of the plaintiff's mortgage. Casey and Hutchinson were interested in the building that had

been erected, and doubtless felt that they ought to assist in bearing the expense of its erection. If Casey and Hutchinson made a contract binding them to pay a part of the Barber loan, they must have made it with some person at some time and place. They do not appear to have made any such contract with either Barber or Toomey. In fact there is no evidence in the record showing that they made any such contract with anyone. The evidence is insufficient to prove the making of such a contract. There is evidence tending to show that they made statements indicating that they felt bound in some way for part of said debt.

7. In order to establish a contract, the evidence should show *when, where and with whom* the contract was made, and the terms thereof. There is no evidence in the record showing that either Casey or Hutchinson agreed with Barber, Toomey or any person that the Barber mortgage should cover their half interest in the leasehold estate, and, without such a contract, said mortgage cannot be a lien thereon.

8. To constitute even an equitable mortgage, there must be some kind of agreement by the owner of property that shall be held as security for a debt: 1 Jones Mortgages (6 ed.), § 167; 11 Am. & Eng. Ency. of Law (2 ed.), p. 123.

9. One tenant in common, as such, has no power to mortgage or convey the property of his cotenant: Freeman, Cotenancy and Partition, § 183.

10. The assignee of a lease is bound to the lessor by the covenants of the lease. In this case the covenant of Toomey to erect, on the leased premises, a building was binding on Casey and Hutchinson, but the covenant does not provide *when* such building should be built, nor does it authorize Toomey to borrow money with which to erect the building, and to mortgage the one-half interest in the leasehold estate which he had sold to Casey to secure the loan.

The part of the decree of the court below declaring that the one-fourth interest in said leasehold estate owned by J. D. Casey and the one-fourth interest in said leasehold estate owned by J. H. Hutchinson are subject to the plaintiff's said mortgage, and that said mortgage is prior in time and superior in right to the said interest of said Casey and Hutchinson in said leasehold estate, and declaring, also, that the interests in said leasehold estate owned by said Casey and Hutchinson are subject to said mortgage, and directing that the whole of said leasehold estate created by the lease of said S. M. Barr and others be sold, and foreclosing and barring the said interests of said Casey and Hutchinson in said leasehold estate, and all provisions of said decree in any manner attempting to subject to the lien of said mortgage, or to have sold or barred or foreclosed the said one-fourth interest of J. D. Casey or the one-fourth interest of said J. H. Hutchinson in or to said leasehold estate or the buildings on said premises, are erroneous, and are reversed and set aside, and said decree is so modified as to provide for the foreclosure of the plaintiff's said mortgage on only the one-half interest in said leasehold estate that was owned by J. M. Toomey, A. Mueller, E. Kiesendahl and R. J. Jennings, when they executed said mortgage to the plaintiff on July 31, 1909, and providing that the one-fourth interest of said Casey and the one-fourth interest of said Hutchinson in and to said leasehold estate are not in any manner subject to said mortgage or the lien thereof, and are not to be sold.

The decree of the court below is modified as above stated.        MODIFIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.