Pearson, C. J.
 

 The cause comes on to be heard upon exceptions filed by the defendant to the report of the Clerk and Master, and for further directions.
 

 1. The first exception is allowed to this extent: As Brawley, on the dissolution of the firm, took all of the notes and accounts into his possession, and assumed the entire control in regard to making collections and settling up the business, he is to be treated as a collecting agent, and should be charged with all of the notes and accounts which he has actually collected, or which he might, with' reasonable diligence, have collected; whereas the report charges him with all of the notes and accounts, except such as were proved to be insolvent. It ought also to have excepted all those which were not proved to be solvent, and in regard to which it was not proved that they could have been collected by the use of proper diligence.
 

 2. The second exception Is disallowed. If Brawley had kept an account, so as to show the amount of interest collected by him, that would have been the proper basis of the interest account. The Master has charged the defendant interest upon all of the notes and accounts, and allowed interest upon all of the disbursements and individual claims. This is not a correct principle, but under the circumstances it seems to have been the only one that the Master could act on; and, as there is really but little difference in the
 
 *118
 
 amount of interest on the two sides, we are not disposed to disturb the calculation.
 

 8. The third exception is allowed. The Master should not have brought the capital stock into the account until he had struck the balance, and then, provided there was any fund on hand, each could be allowed to withdraw his capital, or a rateable part of it. The stock of each w^s $600. The $100 paid by Phelan to Brawley should not be brought into the account. It was paid to make up Phelan’s stock, and he gets credit for it by putting his stock at $600.
 

 4. The fourth exception is allowed. The two accounts which Phelan owed the firm should not have been deducted out of the assets of the firm; for, if so, he is only made to pay one-half of the amount. These assets should be deducted out of the part coming to him in the same way that his individual debts to Brawley are deducted.
 

 There must be a reference to reform the account according to this opinion. The defendant may claim a revision of tire account on the first exception.
 

 It is proper to add that we have not felt at liberty to enter into the question, whether a partner who, after a dissolution, undertakes to act as collecting agent, or a surviving partner who settles up the business, should not be allowed commissions, as the point is not made by the exceptions. It may be that the case of
 
 Boyd
 
 v.
 
 Hawkins,
 
 2 Dev. Eq., 329, modifies the English doctrine upon this subject, and that a partner, who winds up the firm, should be allowed reasonable commissions as compensation for the time and trouble devoted to what is a matter of mutual concern.
 

 Per Cukiam.
 

 Decree accordingly.