[Filed April 30, 1885.]

## DAVID P. SHOOK *v.* JAMES H. COLOHAN.

APPEAL FROM DECREE—WHAT CONSIDERED ON.—The provisions of sections 527 and 534 of the Civil Code seem to restrict the power of this court upon an appeal from a part only of a decree to that part thereof specified in the notice.

RIPARIAN RIGHTS.— When a natural stream of water flows through the lands of different persons, each has the right to use it for the ordinary purposes of life— to drink it, use it for culinary purposes, and to water animals.

KLAMATH COUNTY. Defendant appeals. Decree modified.

The facts are stated in the opinion.

*H. K. Hanna,* for Respondent.

*B. F. Dowell,* and *P. P. Prim,* for Appellant.

THAYER, J.— This is an appeal from a decree of the Circuit Court for the county of Klamath. The respondent commenced a suit in that court against the appellant to enjoin him from obstructing the flow of an alleged stream of water from the appellant's land to that of respondent, and to have an account taken of damages alleged to have been sustained by the respondent in consequence of such alleged obstruction. It was claimed by the respondent that the water flowing from a certain spring, which takes its rise on the appellant's land in said county of Klamath, at a point some two or three hundred yards below the spring, divides into two branches of about equal volume of water, one of which flows off in a northeast course, and the other flows in a southeast course, across appellant's said land, and onto the land of the respondent, which joins that of the appellant on the south. And it was further claimed that the appellant so obstructed the said southeast branch in one way and another that it prevented the water thereof from reaching the land of the respondent, in consequence of which his crops of grass failed; that he was deprived of water for his cattle, was compelled to drive them a long distance for water, and lost several head by reason thereof. The appellant claimed that there never was but the one branch of said stream; denied that the water thereof forked at all; claimed that all the water from said spring naturally ran off through the northeast channel; that the so-called southeast channel was a slough or depression in the earth, which set in from near the channel of the spring, about at the point before referred to, and extended a southeast course therefrom to the respondent's land, but that there was naturally no connection between the head of the slough and the channel of the stream of water from the spring, and that no water flowed in said slough except surface water from the mountains, which ran down into it during the rainy season, or soaked in where the ground was wet;

that appellant, in order to irrigate his land, had built a dam in the channel of the said stream, by which he raised the water to such a height that it ran over the banks opposite the head of said slough, and by digging away the ground between the two points, had turned a quantity of water into the slough, and conveyed it onto his land between the slough and the branch from said spring.

The main question in the case is a determination as to the truth of these two views. It is very singular that a disagreement could arise regarding a fact so patent as the one suggested would appear to be; and yet each of the parties has been supported by such a number of respectable and intelligent witnesses that our decision upon the point is as liable to be wrong as right. The appellant bought out a former occupant of the land now owned by him, and upon which the spring is situated, in 1871; and he claimed that he went on the place in the spring of that year, and put in the dam, in order to force the water into the slough. His testimony is fair and intelligent. He must have known the condition of the water, and, ordinarily, his evidence would be entitled to full credit; but the former occupant, who took up the claim and resided upon it for several years, and was equally as well informed as the appellant, testified directly opposite to him; says that the stream from the spring did fork at the point referred to, and that there was a regular southeast channel, as well as the northeast one, from that point. Each party is supported by a large array of witnesses.

The disagreement between so many persons regarding a fact so easily ascertained and understood is, to my mind, an enigma. It was a case in which it would have been eminently proper to have called in a jury and had them view the premises; their judgment under the circumstances would have been far better than that of this court, made up, as it necessarily must be, from the depositions of the witnesses. The Circuit Court, after hearing the proofs in the case, found for the respondent, as to all matters except damages as alleged in the complaint, and as to damages it found for the appellant. And said court, among other things, decreed an injunction against the appellant, enjoin-

ing him from erecting, continuing, or maintaining any dam or other obstruction of any kind in or across the channel or stream mentioned and described in the complaint as the southeast channel, or in any manner whatever continuing or contriving any obstruction to the natural flow of the water of the said stream in said channel. The appeal herein was taken from this part of the decree; and it is questionable whether this court has any right to review any other matter than that which is embraced therein, though the respondent's counsel seems to insist that we should consider the said question of damages, and, if the respondent is entitled thereto, to award them to him. My own opinion is that we have no right to review only the part of the decree appealed from, whereas in this case the appeal is not from the the whole decree.

Subdivision 1 of section 527 of the Civil Code provides that "such notice [notice of appeal] shall state that the appellant appeals from the judgment or decree of the Circuit Court, or some specified part thereof." And section 534 of the Civil Code provides that "upon appeal, the appellate court may affirm, reverse, or modify the judgment or decree appealed from, in the respect mentioned in the notice, and not otherwise, as to any and all of the parties joining in the appeal, except a co-defendant of the appellant, against whom a several judgment or decree might have been given in the court below, and may, if necessary and proper, order a new trial." These two provisions, taken together, seem to restrict the review to the part of the decree specified in the notice, although the latter portion of section 533 of the Code provides that, upon an appeal from a decree given in any court, the suit shall be tried anew upon the transcript and evidence accompanying it. This would seem to imply that the whole case would be before the appellate court for trial *de novo*, though it might be a sufficient answer to repel the inference, that an appeal from a part of a decree is not " an appeal from a decree," within the meaning of the above provision ; that said provision was only intended to apply to an appeal from an entire decree. Still, I think, a more satisfactory construction can be given to the provision, and make it harmonize with the

view I have indicated, by construing the several provisions together, and giving effect to all of them. Under such construction the conclusion would necessarily follow that the trial of the suit anew would be confined to a trial of the case affecting the part of the decree specified in the notice of appeal.

The other members of the court, however, are of the opinion that the damages claimed by the respondent are so remote and uncertain that they could not, consistently with the rules of law, be estimated by the court, and should not be considered. I concur also in that view, and it therefore becomes unnecessary at this time to decide whether we have authority to retry that part of the case or not. Upon the main question in the suit before alluded to, we have concluded that the Circuit Court was in a better situation to judge as to the credibility of the witnesses, and the subject-matter of the controversy, than this court is ; and that the testimony in the case is so evenly balanced that we would not be justified in reversing the findings of that court. The decree of the court, however, is too general. It enjoins the appellant from damming or obstructing the natural flow of water in said southeast channel in any manner whatever. Said channel crosses the appellant's land, and he certainly is entitled to the usufruct of the water for his stock, and should have the right to make use of the channel to conduct water from the northeast branch of the spring onto his land. He owns the channel— the land part of it, as contradistinguished from the water— included within his own boundaries, and has a right to utilize it in any way he may see fit, consistently with the rights of others. In order to enjoy his rights, the appellant may be compelled to obstruct the water in said branch or slough; and it would be unjust to inhibit him from doing so. The respondent has no more right to the water naturally flowing there than the appellant has. It stands exactly upon the same footing with his. The decree should therefore be to the effect that the appellant be enjoined from appropriating or using the water naturally flowing in said southeast channel, beyond the reasonable use thereof as before indicated, and from damming or obstructing the flow of said water for any other purpose or to any greater extent.

When a natural stream of water flows through lands belonging to different persons, each usually has the right to enjoy it for the ordinary purposes of life ; the right to drink of it, to use it for culinary purposes, and to water animals. And it is conceded in this case that if there should be a surplus after these purposes were supplied, it could be legitimately employed for irrigation; and in applying it for this purpose it should be equitably divided between the several proprietors. The said stream in question may be sufficient, after furnishing the requirements mentioned, to afford water for irrigation. In such case the appellant should have the right to take his quota from the stream by any suitable means he might employ.

The decree of the Circuit Court will be modified in accordance with the principles of this decision, and in all other respects be affirmed. Neither party will be allowed costs upon this appeal.