Argued October 13, decided October 26, 1909.

## McCOY v. CROSSFIELD.

[104 Pac. 423.]

APPEAL AND ERROR—CROSS-APPEAL—FAILURE TO TAKE.

1. Where no cross-appeal is taken, respondent cannot be heard to question the sufficiency of the findings and decree of the court below, though the case is of an equitable nature.

PARTNERSHIP—PERSONAL LIABILITY—VIOLATION OF AGREEMENT.

2. Where a partner, in violation of an express agreement not to extend credit to relatives, advances money from the partnership funds or sells partnership goods to an impecunious relative, he is personally liable for the account.

PARTNERSHIP—DISSOLUTION—LIABILITY—PERSONAL ACCOUNT.

3. Where, upon the dissolution of a partnership, one of the partners was indebted to the firm upon his private account, he was chargeable with the full amount of the debt, notwithstanding the fact that the purchaser, at the receiver's sale of the assets and accounts of the firm, was the other partner.

From Sherman: EDWIN V. LITTLEFIELD, Judge.

This is a suit by E. O. McCoy against George N. Crossfield for an accounting and dissolution of partnership. Defendant being dissatisfied with the decree rendered in the circuit court, appeals. There was a motion to dismiss the appeal on account of the failure of appellant to file his abstract, as required by the statute and rules

of this court.    By agreement the motion was heard, together with the argument, on the merits.    AFFIRMED.

For appellant there was a brief with an oral argument by *Mr. John B. Hosford.*

For respondent there a brief over the names of *Messrs. Huntington & Wilson,* with an oral argument by *Mr. Bela S. Huntington.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

We think that defendant has sufficiently excused his failure to file the abstract in this case, and the motion to dismiss will, therefore, be overruled.

1. Plaintiff contends that, as equity cases are, by statute, tried *de novo* in this court, he is entitled to ask for a decree in his favor for a greater sum than was allowed in the court below, and much of the discussion here has been in regard to items claimed by plaintiff and disallowed by the lower court.    Plaintiff took no cross-appeal, and under the previous holding of this court, to which we still adhere, he cannot be heard to question the sufficiency of the decree, but must be deemed satisfied with the findings and decree below.    *Shook* v. *Colohan,* 12 Or. 239 (6 Pac. 503) ; *Shirley* v. *Burch,* 16 Or. 83 (18 Pac. 351: 8 Am. St. Rep. 273) ; *Thornton* v. *Krimbel,* 28 Or. 271 (42 Pac. 995) ; *Cooper* v. *Thomason,* 30 Or. 162 (45 Pac. 296) ; *Goldsmith* v. *Elwert,* 31 Or. 539 (50 Pac. 867) ; *Board of Regents* v. *Hutchinson,* 46 Or. 57 (78 Pac. 1028).

2. This brings us to a consideration of the objections made by defendant to the findings of the court below. One objection is to the finding, charging defendant with the balance of an account owing to the firm by J. B. Crossfield, defendant's father.    The testimony of plaintiff was to the effect that defendant agreed, at the time the partnership was formed, that he would conduct the business according to plaintiff's wishes.    This seems reasonable, in view of the fact that defendant had very little capital, and plaintiff was a man of considerable

wealth, whose name alone was sufficient guaranty that the firm's obligations would be met. It is evident that what business standing the Oregon Trading Company had, was, to a great extent, due to plaintiff's connection with the business. Plaintiff testifies that he and defendant agreed that they would not credit relatives, and if, in violation of that express agreement, defendant saw fit to advance money from the partnership funds or sell partnership goods to an impecunious relative, the court violated no rule in equity in holding him accountable for his violation of the partnership agreement.

3. The next objection is that the court erred in charging defendant with the whole of his own private account with the firm, instead of only one half of it. A large part of defendant's private account had not been charged upon the books. Whether this was the fault of defendant or the negligence of the bookkeeper is not material, as it is conceded that the court found correctly the amount of these purchases. The firm was insolvent, and plaintiff became a purchaser, at the receiver's sale, of the assets and accounts of the firm. Beyond question the account of defendant passed by this sale, and plaintiff had the same right to enforce it against him as any other person buying it would have had. If there had been no sale of assets, the same result would have ensued. Upon a dissolution, each partner becomes chargeable with all the debts and claims he owes or is accountable for, to the partnership, with all interest accruing upon the same debts and claims. Story, Partnership, (5 ed.) § 348; *Phelan* v. *Hutchinson,* 62 N. C. 116 (93 Am. Dec. 602).

The decree of the lower court is affirmed.

Affirmed.