Argued December 3, 1919, affirmed January 13, 1920.

## CRUMBLEY *v.* CRUMBLEY.

(186 Pac. 423.)

**Appeal and Error—Abandoned on Failure to File Transcript or Abstract Within Required Time.**

1. On appeal by plaintiff, where it is stated in defendant's brief that he has appealed, but where there is no copy of notice of appeal, or undertaking on appeal, or abstract in his favor, court will conclude that defendant abandoned appeal by failure to file transcript or abstract in appellate court within 30 days after perfection of appeal, under Laws of 1913, Chapter 320.

**Divorce—Nonappealing Party cannot Attack Decree.**

2. In divorce action, where plaintiff has appealed from a portion of the decree, defendant, upon failure to appeal, will be deemed to be satisfied with the decree as it stands, and cannot attack decree, but may defend it against plaintiff's attack.

**Divorce—Appeal may be Taken from Portion of the Decree Affecting Property Rights.**

3. Under Laws of 1913, Chapter 319, plaintiff in divorce action may appeal from that part of the decree relating to property rights without appealing from the whole thereof.

**Divorce—Entire Record to be Considered on Appeal from Portion Relating to Property Rights.**

4. On appeal by plaintiff in divorce action .from that part of decree relating to property rights, her right to additional relief must depend upon equitable considerations to be derived from a perusal of the whole record, as upon a hearing *de novo*, and the decree will not' be changed if, upon examination of the testimony as a whole, it appears that she did not come into court with clean hands, and was not entitled to any decree in her favor.

**Divorce—Incompatibility of Temper not Ground.**

5. Incompatibility of temper does not constitute a ground for divorce under Section 507, L. O. L.

**Divorce—Portion of Decree Granting Divorce not Renewed on Appeal from Portion Affecting Property Rights.**

6. On appeal from that portion of divorce decree relating to property rights, where neither party has appealed from the portion of the decree granting the divorce, the portion of the decree granting the divorce must remain intact, appellate court on such appeal having no power to overturn it.

**Divorce—Prevailing *Party not Entitled to Interest in Land of* Adverse Party Unless Faultless.**

7. The right of the party who has been granted a divorce to an undivided one-third part in real estate of adverse party, under Section 511, L. O. L., exists only where such prevailing party is not at fault.

**Divorce—No Change of Decree on Appeal in Favor of Party Who has not Appealed.**

8. On plaintiff's appeal from that portion of the divorce decree affecting property rights, where defendant has not appealed, the portion of the decree appealed from cannot be changed in defendant's favor.

**Divorce—No Relief from Divorce Decree on Appeal Where Parties are in Pari Delicto.**

9. On plaintiff's appeal from portion of the divorce decree affecting the property rights, no relief will be granted where, trying the case anew upon a transcript and evidence accompanying it, as required by Section 556, L. O. L., court on appeal concludes that the parties are *in pari delicto*.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1. ·

Suit by Mary C. Crumbley against J. S. Crumbley. From a portion of the decree rendered, plaintiff appeals.                                    AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. A. S. Dresser* and *Mr. H. A. Webster.*

For respondent there was a brief with oral arguments by *Mr. B. F. Mulkey* and *Mr. Wilson T. Hume.*

BURNETT, J.—This is a divorce case. The parties were married January 7, 1891. They have three sons well above the age of majority and a fourth son said to be fourteen years old. Two daughters, one twelve and the other eight years of age, complete the family. The plaintiff accuses the defendant of cruel and inhuman treatment rendering her life burdensome. The specifications range from the application to her of opprobrious epithets impugning her chastity, through uncouth table manners, to his burning the late periodicals. A conspicuous feature of the complaint is a long list of the defendant's real property coupled with the plaintiff's demand for one third of it and for liberal alimony. The answer flatly denies all allegations of the complaint which impute misconduct to the defendant. Some minor questions are raised about the quantity of his interest in some tracts of the realty mentioned, but they are not important. The defendant makes counter-charges of cruelty such as the plaintiff's calling him a scurrilous name indicating that his ancestry was of canine origin, and that she expressed her contempt of him because of his occupations of fisherman, logger and lumberman and berated him with sundry vituperative epithets not necessary here to relate.

In substance, the answer charges also that the parties did not agree on the subject of the family birth rate; that, although both of them are healthy and vigorous, she practiced the doctrines of Malthus, while he desired to be fruitful, to multiply and replenish the

earth, according to their capabilities, with the result that the practice of the function by which the race is perpetuated was permitted by her only under exacting and repulsive conditions. The result of the hearing was a decree awarding the plaintiff a divorce, the custody of the minor children together with a money allowance of ten dollars per month for the support of each of them until the age of eighteen years is reached, as well as two hundred dollars as attorney's fees. As a disposition of the real property, the decree awarded to the plaintiff an undivided eighth interest in what is known as Horseshoe Island in Multnomah County, Oregon, an eighty-acre tract in Wahkiakum County, Washington, and Lot 10 in Block 1 of East Portland Heights in the City of Portland, Oregon. It also adjudged "that the defendant is the owner in his own individual right in fee" of sundry tracts of land described in detail in the decree.

The plaintiff appealed only from that part of the decree declaring the defendant to be the owner in severalty of the parcels of land therein described. Although it is stated in the defendant's brief that he appealed from the whole decree, there is no evidence in the record before us to support that assertion.

1. There is an utter absence of any copy of notice of appeal or undertaking on appeal, or abstract, in his behalf. From this we are bound to conclude that if he ever appealed, he afterwards abandoned it by failing to file his transcript or abstract in this court within thirty days after perfection of his appeal: Laws 1913, Chapter 320.

2. Not having appealed, the defendant is deemed to be satisfied with the decree as it stands and he is in no position to attack it.

3. On the other hand, the plaintiff's appeal from a specific part of it is sanctioned by Chapter 319 of Laws of 1913.   That the party who has not appealed cannot obtain here a modification favorable to himself of the decree from which the other litigant has appealed is taught by *Shook* v. *Colohan,* 12 Or. 239 (6 Pac. 503); *Shirley* v. *Burch,* 16 Or. 83 (18 Pac. 351, 8 Am. St. Rep. 273); *Thornton* v. *Krimbel,* 28 Or. 271 (42 Pac. 995); *Cooper* v. *Thomason,* 30 Or. 162 (45 Pac. 296); *Board of Regents* v. *Hutchinson,* 46 Or. 57 (78 Pac. 1028); *McCoy* v. *Crossfield,* 54 Or. 591 (104 Pac. 423); *Bank of Commerce* v. *Bertrum,* 55 Or. 349 (104 Pac. 963, 106 Pac. 444); *Flinn* v. *Vaughn,* 55 Or. 372 (106 Pac. 642); *Caro* v. *Wollenberg,* 83 Or. 311 (163 Pac. 94).

Imputing satisfaction with the decree to the defendant, however, does not prevent him from defending it against the attack of the plaintiff, but he cannot go beyond merely supporting it: *Landram* v. *Jordan,* 203 U. S. 56 (15 L. Ed. 88, 27 Sup. Ct. Rep. 17); *Southern Pine Lumber Co.* v. *Ward,* 208 U. S. 126 (52 L. Ed. 420, 28 Sup. Ct. Rep. 239, see, also, Rose's U. S. Notes); *O'Neill* v. *Wolcott Mining Co.,* 174 Fed. 527 (98 C. C. A. 309, 27 L. R. A. (N. S.) 200).   In *Inman* v. *Henderson,* 29 Or. 116 (45 Pac. 300), the trial court had established certain materialmen's liens as against a property owner.   Another feature of the litigation was the question of the validity of those very liens as against a mortgagee who had put them in issue by the traverse in his answer.   The lienors, who alone appealed, contended that inasmuch as their demands had been sustained as against the property owner, through whom the mortgagee claimed, and the owner had not appealed, their liens could not be opposed in this court by the mortgagee who had not appealed.   It was decided, however, that "the mortgagee, having de-

nied by its answer the validity of the mechanics' liens, may insist on this appeal that they are void as against it, for any sufficient reason appearing from the record, and that it was not compelled to appeal from the decree against Mrs. Henderson to raise that question." So in the instant case, the fact that the plaintiff has appealed from part of the decree and the defendant has not appealed does not operate to deliver him in chains as to the spoiler and to charge him as not resisting.

4. The plaintiff is here seeking further advantage over the defendant. Not content with what the trial court gave her, she wants more. Her right to additional relief must depend upon equitable considerations to be derived from a perusal of the whole record, for, as said in *Bush* v. *Mitchell,* 28 Or. 92, 96 (41 Pac. 155, 156), "an appeal from a part of a decree must necessarily bring to the appellate court the whole decree, and while the part appealed from may be affirmed, modified, or reversed, the portion not reviewed will be affirmed. The whole cause being tried here *de novo,* a complete decree must be rendered in this court." The clear deduction from the foregoing citations is that on an appeal from a part of a decree, the whole record may be considered to determine whether that portion of the decree ought to have been rendered; that the quest of the appellate court is controlled so that the part not appealed from must stand as a constant quantity in making up the final result; that the party who did not appeal cannot obtain from this court a decree more favorable to him than that rendered by the trial court; that he may resist any change in the decree, using for that purpose anything disclosed by the record of the whole case, and that the appellant, having come into this court seeking additional relief, must submit herself to equitable principles as upon a hearing *de novo,* so far as the part of the decree appealed from

is affected. It follows that if an examination of the testimony in the record discloses that she did not come into court with clean hands and so on the merits was really not entitled to any decree in her favor, this court, on her appeal, will not make any change in the original decree to her advantage.

A detailed analysis of the testimony would encumber the official reports with a batch of disgusting stuff that would not establish any new principle of law and would only serve to gratify morbid curiosity. It is sufficient to say that the testimony for the plaintiff shows the frequency of mutual quarrels between herself and her husband. Her application to him of opprobrious epithets is abundantly established. Throughout her testimony and that of her sons who were witnesses for her, runs a vein of carping combativeness that is an earmark of a quarrelsome disposition. Aside from the direct testimony, it is easy to discern between the lines that the plaintiff was no mean antagonist in their domestic brawls.

5. It may be that a fair case of incompatibility of temper has been made out, but this does not constitute a ground for divorce under our statute: Section 507, L. O. L.

The following language of Mr. Justice MOORE in *Beckley* v. *Beckley,* 23 Or. 226 (31 Pac. 470), is peculiarly applicable to the case in hand:

"To entitle one to a decree of divorce for cruel and inhuman treatment, the injured party must come into a court of equity free from the suspicion that he has contributed to the injury of which he complains. Divorces should not be granted by weighing the evidence and decreeing in favor of the one least guilty, where both have taken an active part in the mutual discord. Equity relieves the injured party but not the vanquished. In the struggles for supremacy, or to vent

spleen, spite or hatred, the willing actors may fight out the battles of wedded life, but they cannot invoke the aid of equity after their own efforts have failed.''

See, also, *Taylor* v. *Taylor,* 11 Or. 303 (8 Pac. 354); *Adams* v. *Adams,* 12 Or. 176 (6 Pac. 677); *Wheeler* v. *Wheeler,* 18 Or. 261 (24 Pac. 900); *Mendelson* v. *Mendelson,* 37 Or. 163 (61 Pac. 645); *Crim* v. *Crim,* 66 Or. 258 (134 Pac. 13); *Matlock* v. *Matlock,* 72 Or. 330 (143 Pac. 1010).

A study of the testimony convinces us that neither party comes into the chancery side of the court fortified by that rectitude of conduct towards the other which alone will justify the interposition of equity. If the hearing *de novo* in this court included the whole case, it ought to result in the denial of relief to both parties.

6. The obstacle preventing that result is the fact that neither party has appealed from the portion of the decree granting the divorce. That part must remain intact. We have no authority to overturn it.

7. As to the property, all the defendant can accomplish here is to maintain the status established by the decree, because he did not appeal. The conduct of the plaintiff as disclosed by the testimony disqualified her from obtaining even so much relief as she did. She must be satisfied with the award of the Circuit Court. That result follows because the defendant is not in position on the record to deprive her of it. It is true, as declared in Section 511, L. O. L., that ''whenever a marriage shall be declared void or dissolved the party at whose prayer such decree shall be made shall in all cases be entitled to the undivided third part in his or her individual right in fee of the whole of the real estate owned by the other at the time of such decree.'' Although this is an inevitable accompaniment of a proper divorce, yet, like the decree of which it is a part,

it depends upon the principle that the party claiming it must come faultless into chancery. If this necessary foundation for equitable relief is wanting, the appellate court, so far as it has jurisdiction, will demolish the superstructure. But in this instance, as the property question is the only feature presented by the plaintiff's partial appeal, our decree can reach only that.

8. We cannot disturb it for the defendant, because he has not appealed.

9. We ought not to increase the allowance of real property for the plaintiff, because on the merits she is not entitled to what she has. Coming into a court of conscience, she must on the facts disclosed by the entire testimony appear worthy of the additional relief she seeks at our hands. It is not enough for her merely to point to an erroneous conclusion of law drawn by the trial court whereby the property involved was partitioned between the parties instead of being awarded to them as tenants in common, to her an undivided one third and the remainder to the defendant. Thus would the equitable essence of the case be supplanted by a dry technicality. The defendant is entitled to support the decree as it is by anything to be found in the record, whether of fact or of law.

Finally, trying the case "anew upon the transcript and evidence accompanying it," as required by Section 556, L. O. L., so far as we may on an appeal from part of the decree, we are compelled to the conclusion that the parties are *in pari delicto*. Consequently, we must leave them where we found them, giving to neither any additional advantage over the other.

The decree of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and BENSON, J., concur.

HARRIS, J., concurs in the result.