Argued January 27, affirmed February 8, 1921.

## WEISSENFELS *v.* SCHAFFER.

(195 Pac. 362.)

**Logs and Logging—Hauler of Cordwood has Lien—"Obtaining or Securing."**

1. Under Section 10236, Or. L., one who hauls cordwood with his team from the timber where it was cut to market is entitled to a lien thereon, having assisted in "obtaining or securing" the wood for the owner by hauling it to the owner's premises.

From Marion: GEORGE G. BINGHAM, Judge.

Department 2.

This is a suit to foreclose a lien on 53½ cords of wood, in the sum of $83.75. From a decree in favor of plaintiff, defendant appeals. The facts of the case, as asserted by the pleadings, are sufficiently indicated by the findings of fact by the trial court, which are as follows:

"(1)    Between the first day of November, 1918, and the twenty-eighth day of June, 1919, the plaintiff at the special instance and request of the defendant performed labor in handling and hauling with his own team 53½ cords of wood which was hauled from the timber where it was cut to market at Mt. Angel, at the agreed price of $2.50 per cord, amounting to $133.75, no part of which has been paid except the sum of $50, leaving due to the plaintiff from the defendant for such work and labor the sum of $83.75.

"(2)    On the eighteenth day of July, 1919, the defendant having refused to pay to plaintiff said sum of $83.75, and within 30 days after the completion of the rendition of such labor and services in the hauling of said wood, the plaintiff filed with the County Clerk of Marion County, State of Oregon, a lien claim on said wood so hauled for defendant, a

---

1. By whom and for what labor or services logger's lien may be claimed, see note in Ann. Cas. °1916C, 198.

true copy of which is attached to and made a part of plaintiff's complaint, and he paid to said clerk for the filing of such lien the sum of 31 cents.

"(3) The sum of $25 is a reasonable amount to be allowed to plaintiff as attorneys' fees for the bringing of this suit to foreclose such lien."

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Custer E. Ross.*

For respondent there was a brief and an oral argument by *Mr. Elisha P. Morcom.*

BEAN, J.—1. Defendant asserts that the trial court erred in holding that a lien existed in favor of plaintiff for hauling cordwood, and that such lien is not granted under the provisions of Section 10236, Or. L., which reads:

"Every person performing labor upon or who shall assist in obtaining or securing sawlogs, spars, piles, cordwood, or other timbers, has a lien upon the same for the work or labor done upon or in obtaining or securing the same, whether such work or labor was done at the instance of the owner of the same or his agent. The cook in a logging, or other camp, and any and all others who may assist in or about a logging, or other camp maintained for obtaining or securing sawlogs, spars, piles, cordwood, or other timber, shall be regarded as a person who assists in obtaining or securing the sawlogs, spars, piles, cordwood, or other timber herein mentioned."

It is contended by counsel for defendant that the statute gives a right of lien upon cordwood for cutting or "manufacturing" the same, but not for hauling it.

The words of the statute import more than the mere cutting, or cutting and piling, of cordwood in the woods, for which the right of lien is granted. "Every person performing labor upon, or who shall assist in obtaining or securing * * cordwood" has a lien upon the same for such labor. Surely, according to the conceded facts, the plaintiff performed labor upon the wood in question by loading and hauling the same. He assisted in "obtaining or securing" the wood for defendant by hauling it to defendant's premises.

The evidence in the case is not contained in the record. We have only the pleadings and the findings of facts. Such facts then, must be taken as true. There is no question raised as to the sufficiency of, or time of filing, the lien notice.

The labor of plaintiff's team in hauling the cordwood was an integral part of the services in obtaining the wood. The statute does not contemplate that logs or cordwood shall be secured or handled altogether by hand. Plaintiff had a right of lien for his services with his team: *Kelley* v. *Kelley,* 77 Me. 135; *Hogan* v. *Cushing,* 49 Wis. 169 (5 N. W. 490). The trial court found that defendant agreed to pay for the labor which was performed for him by plaintiff.

A different question is presented in this case from that where a lien is claimed on logs for hauling the lumber manufactured therefrom. Logs are usually delivered at some mill where they are manufactured into lumber. Cordwood, in the usual course of such business, may be hauled to a woodyard, railroad, or to a place of consumption, directly from the timber.

A reference to the cases arising under the statutes of other states, which differ in language from ours,

is of but little avail. They are presented with much care by the learned counsel for defendant.

The decree foreclosing the lien should be affirmed. It is so ordered.                                    AFFIRMED.

BURNETT, C. J., and JOHNS and BROWN, JJ., concur.