Argued June 9, modified June 29, 1926.

# D. W. GEORGE *v.* OREGON, CALIFORNIA & EASTERN RAILWAY COMPANY ET AL. AND L. D. PATTERSON *v.* OREGON, CALIFORNIA AND EASTERN RAILWAY COMPANY.

(247 Pac. 780.)

**Railroads — Railroad Construction Contractor Held not Necessary Party in Materialman's Suit to Foreclose Mechanic's Lien.**

1. In suit to foreclose mechanic's lien for materials furnished contractor in construction of railroad, contractor who abandoned work and was overpaid by owner, while a proper party to proceeding, *held* not a necessary party.

**Mechanics' Liens.**

2. Plaintiffs *held* not required, as condition precedent to foreclose mechanic's lien, to obtain judgment against contractor to whom materials were furnished.

**Railroads—Mechanic's Lien Held to Attach, Though Owner was Railroad Company (§ 10191, Or. L.).**

3. In suit to foreclose mechanic's lien, that owner was railroad company and public service corporation did not prevent mechanic's lien from attaching to its property in view of Section 10191, Or. L.

**Railroads—Mechanic's Lien Held Enforceable Against Railroad in Its Entirety.**

4. In suit to foreclose mechanic's lien against property of railroad company, court properly decreed that all its roadbed, rights of way, lands, buildings, railroad tracks, stations, and all structures, and all of its property and rolling stock, be sold to satisfy plaintiff's lien.

**Railroads.**

5. Court properly included in decree of foreclosure of mechanic's lien against railroad company rolling stock of company, in view of Section 10204, Or. L.

**Railroads.**

6. Decree foreclosing mechanic's lien against railroad company should direct sale of both real and personal property.

---

3. See 22 R. C. L. 1063.
4. See 22 R. C. L. 1064.

**Railroads—Rentals of Appliances, Rented to Contractor, Held not Lienable Items Against Property of Railroad Company.**

7. In suit to foreclose mechanic's lien against railroad company, rentals of appliances, horses and autotruck, which were not driven or used by lien claimants in constructing railroad grade, but were rented to contractor at a stipulated monthly compensation for such purpose, *held* not lienable items.

**Appeal and Error—In Absence of Showing to Contrary, Reviewing Court will Assume That Trial Court Complied With Lien Statute (§ 10199, Or. L.).**

8. In absence of showing to contrary, reviewing court will assume that trial court, in allowing some of lien claimants $10 for preparing, verifying and filing notice of mechanic's lien, complied with Section 10199, Or. L.

**Appeal and Error—Nonappealing Respondents cannot Insist on Decree More Favorable to Them Than was Given in Court Below.**

9. Respondents, who fail to take an appeal, cannot insist on a decree more favorable to them than was given in court below, even though cause is decided *de novo* in reviewing court.

---

Appeal and Error, 3 **C. J.**, p. 1404, n. 65.
Mechanics' Liens, 40 **C. J.**, p. 60, n. 3, p. 86, n. 70, p. 407, n. 5, p. 624, n. 13.
Railroads, 33 **Cyc.**, p. 467, n. 93, p. 470, n. 25.

From Klamath: A. L. LEAVITT, Judge.

Department 2.

MODIFIED.

For appellant Oregon, California & Eastern Railway Co., there was a brief and oral argument by *Mr. R. C. Grosebeck.*

For respondent L. D. Patterson there was a brief over the name of *Messrs. O'Neill & Irwin,* with an oral argument by *Mr. John Irwin.*

For respondent D. W. George there was a brief over the name of *Messrs. Rutenic & Yaden.*

---

7. On right to statutory lien on property of third person for rental of personal property let to contractor for use in work of a lienable nature, see notes in 16 L. R. A. (N. S.) 585; 42 L. R. A. (N. S.) 872. See, also, 22 R. C. L. 1067.

BELT, J.—These suits, which for convenience have been consolidated, are for the purpose of foreclosing numerous mechanics' liens on the property of the Oregon, California & Eastern Railway Company.

1, 2. The defendant railway company, appellant herein, urges there is a defect of parties in that the Nettleton-Bruce-Eschbach Company, a foreign corporation, was not joined as defendant. This company, as the original contractor, abandoned its work in the construction of the railroad grade in Klamath County, on August 1, 1923, and left many unpaid bills. It was adjudged bankrupt on December 1, 1923. Appellant avers that the original contractor was overpaid $134.46 and that it is a necessary party to a complete determination of this controversy. We agree that this company is a proper party but it does not follow that it is a necessary party. So far as the rights of plaintiffs and the defendant company are concerned, these can be determined without such joinder. It was not a condition precedent that plaintiffs obtain judgment against the Nettleton-Bruce-Eschbach Company before instituting the present foreclosure proceedings: *Ainslie & Co.* v. *Kohn* (on rehearing), 16 Or. 363 (19 Pac. 27). In *Osborn* v. *Logus*, 28 Or. 302 (37 Pac. 456, 38 Pac. 190, 42 Pac. 997), it was contended there as here that a contractor was a necessary party in a suit to foreclose a mechanic's lien, but the court held adversely to such contention. *Byrd* v. *Cooper*, 69 Or. 406 (139 Pac. 104), follows the Osborn case and we see no good reason at this time to depart from the rule of practice therein announced. It is not deemed necessary to review authorities cited from other jurisdictions, as many are based upon statutes specifically requir-

ing the contractor to be joined. For general review of the subject, see 40 C. J. 405.

Appellant denies its ownership of the property upon which plaintiffs seek to satisfy their liens. This is, indeed, a rather remarkable claim in view of the fact that other lien claimants have recently been paid by the company for work and labor performed upon the same railroad right of way. Furthermore, the record discloses that in the United States District Court for Oregon it recovered judgment of $25,000 against the National Surety Company on its bond by reason of the failure of the Nettleton-Bruce-Eschbach Company to comply with the terms of its contract in constructing the railroad right of way in question. If the company's ownership is sufficient for purpose of collection it would seem that it ought to suffice for purpose of payment.

3. The fact that the railroad company is a public service corporation does not in this jurisdiction prevent mechanics' liens from attaching to its property. This question was definitely decided in *Giant Powder Co.* v. *Oregon Western Ry. Co.,* 59 Or. 236 (117 Pac. 279, Ann. Cas. 1913C, 93), wherein the court said:

"Although it is important that the public service by the railroad be maintained, it is not so important that it should be done at the expense of the laborers, contractors, and materialmen, and the right to the lien in any case should be made to depend upon whether the statute is sufficiently comprehensive to include them."

The same view was expressed in *Pankey* v. *National Surety Co.,* 115 Or. 6 (239 Pac. 808). Section 10191, Or. L.—pertaining to mechanics' liens—has also been construed by federal courts as applicable to railroads: *Giant Powder Co.* v. *Oregon Pac. Ry.*

*Co.,* 42 Fed. 470 (8 L. R. A. 700); *Ban* v. *Columbia Southern Ry. Co.,* 117 Fed. 21 (54 C. C. A. 407).

4. Was it error for the trial court in the Patterson case to decree that "all of said Oregon-California & Eastern Ry. Company's road, road bed, rights of way, land, buildings, railroad tracks, stations and all structures and superstructures and all of the property and rolling stock" be sold to satisfy plaintiff's liens? It is quite uniformly held that if there is a lien upon any part of a railroad it is enforceable against the line in its entirety. It is deemed against public policy to permit one lien to attach to a bridge, another to a tunnel and a third to a station. It is more equitable, both to lienholders and the railroad company, that the entire line should be sold on execution to satisfy its debts, rather than allow its property to be divided into fragments. As stated in 33 Cyc. 470:

"As a general rule a statutory lien for labor and materials furnished to a railroad company attaches to the entire road and cannot be enforced against a separate part of the road, although such part may be all of the road which the lienor constructed or aided to construct."

In 22 R. C. L. 1065, the rule is stated thus:

"Public policy forbids separation of a railroad into fragments and a mechanic's, laborer's or materialman's lien will not be allowed to be enforced so as to accomplish this result. If a statute purports to create a lien upon a railway in favor of persons performing labor or furnishing materials for its construction it will be so construed as to create a lien against the railway as a whole."

Also see *Knapp* v. *St. Louis, Kansas City & Northern Ry. Co.,* 74 Mo. 374; *Bringham* v. *Knox,* 127 Cal.

40 (59 Pac. 198); *Cox* v. *Western Pac. Ry. Co.*, 44 Cal. 18; *Farmers' Loan & Trust Co.* v. *Candler*, 87 Ga. 241 (13 S. E. 560); Boisot on Mechanics' Liens, § 190, and note in 65 Am. St. Rep. 171.

5. It is contended that it was error for the trial court to include in its decree of foreclosure the rolling stock of defendant company. Section 10204, Or. L., is decisive of this question, as it is therein provided:

"Any and all person or persons who shall hereafter, as sub-contractor, materialman or laborer * * or who shall do or perform any work or labor for such contractor * * shall have a lien upon all of the property, real, personal and mixed, of said railroad corporation * * ."

As stated in 22 R. C. L. 1065:

"It is generally held that such lien does not attach to rolling stock, but by express provision of some statutes the lien extends to all the property, real, personal and mixed of the railroad."

Also see *Hales* v. *San Antonio, U. & G. R. Co.*, 111 Tex. 434 (238 S. W. 1106); *Knapp* v. *St. Louis, Kansas City & Northern Ry. Co., supra;* 33 Cyc. 470.

6. In the George case, the decree provided that "said railway be sold in the manner provided by law for sale of realty under execution, subject to the lien of the Portland Trust Co." Appellant complains of the decree in that it makes no reference to sale of personal property. We agree in this contention and deem it advisable to remand the cause with directions to enter a decree directing the sale of both real and personal property as was decreed in the Patterson case.

7. We are of opinion that the following are not lienable items and, since they are separately stated,

can be deducted without invalidating the lien claims in which they are included:

*In re* Patterson claim:

| | |
|---|---|
| 12 Fresnoes at 25 cents per day......| $ 3.00 |
| 5 days for plow at 25 cents per day.| 1.25 |
| 47 days' rental of horses at $1.60....| 75.20 |
| | $79.45 |

*In re* H. S. Smith claim:

5 months' rental for autotruck at $20.00 per month...............100.00

*In re* O. S. Campbell claim:

Rental horses—$35.00 per month per team ........................216.77

In considering the mechanic's lien law of this state, it was said in *Allen* v. *Elwert*, 29 Or. 428 (44 Pac. 824):

"We do not think the claimants are entitled to a lien for the use of their tools or appliances * * for the reason that they are in no sense either materials furnished to be used in the construction, alteration, or repair of a building, or labor performed thereon, and are therefore not within either the letter or spirit of the statute."

In 18 R. C. L. 926, it is stated:

"As a general rule, one who rents or hires teams, tools, or other appliances to a contractor for use in erecting a building or other structure has, under mechanics' lien laws, no lien upon the building or structure for the rent or hire of the teams or appliances, unless specifically authorized by statute."

In *Wood, Curtis & Co.* v. *El Dorado Lumber Co.*, 153 Cal. 230 (94 Pac. 877, 126 Am. St. Rep. 80, 15 Ann. Cas. 382, 16 L. R. A. (N. S.) 585, and note), where a similar question was involved, the court said:

"The horses, as horses, were no more entitled to liens than were the harnesses themselves. Each and both together were but convenient appliances for the

doing of specific work. In the ultimate analysis there is no difference in principle whether the draying is done by horses and wagons, or by automobile trucks; whether grading is done by horses and scrapers, or by traction engines and steam paddies. One and all are, in their essence, but tools and machinery. This being so, if the ruling for which respondent contends is the correct one, it must result that, if A leases to B a derrick or hoist for use upon the buildings which B is constructing, A will have a lien upon each of those buildings for the value of the use of the derrick; or, in still simpler form, if a carpenter lets to a fellow carpenter his chest of tools for 50 cents a day, the former will have a lien upon every building upon which the latter works and uses the rented tools. The illustration, reduced to its simplicity, shows the untenableness, if not the absurdity, of the contention. Giving to the law its broadest and most beneficent construction it can never be said that one who merely rents appliances to another who labors upon a structure has himself bestowed labor upon that structure within the meaning of our law."

Also see *McKinnon et al.* v. *Red River Lumber Co.,* 119 Minn. 479 (138 N. W. 781, 42 L. R. A. (N. S.) 872, and note). In the instant case, the horses and the autotruck in question were not driven or used by the lien claimants in constructing the railroad grade, but were rented to the contractor at a stipulated monthly compensation for such purpose.

8. Appellant complains of the amount of attorneys' fees allowed the various lien claimants, but, in view of the protracted litigation in which these claims have been involved, here and in the lower court, we are not inclined to disturb the findings of the trial court in that respect. Our attention is directed also to the fact that $10 was allowed some of the claimants for "preparing, verifying and filing" notice of lien. Section 10199, Or. L., relating thereto, provides:

"In all suits under this act, the court shall, upon entering judgment for the plaintiff, allow as a part of the costs all moneys paid for the filing and recording of the lien * * ."

We are unable to ascertain from the record what part of this sum was paid for filing and recording, and, since the matter is not presented to us in such manner that we may arrive at an intelligent conclusion, we are inclined to assume that the trial court complied with the statute.

9. Much space in respondents' briefs is devoted to affirmative relief which they claim should have been granted to them by the trial court. If there is any rule of practice well established in this jurisdiction it is that a party who has failed to take an appeal cannot insist on a decree more favorable to him than was given in the court below, even though the cause is decided *de novo* in this court: *Dolph* v. *Lennon's, Inc., et al.,* 109 Or. 336 (220 Pac. 161); *Gentenbein* v. *Bowles et al.,* 103 Or. 277 (203 Pac. 614); *Mathews* v. *Chambers Power Co.,* 81 Or. 251 (159 Pac. 564); *Bank of Commerce* v. *Bertrum,* 55 Or. 349 (104 Pac. 963, 106 Pac. 444); *McCoy* v. *Crosfield,* 54 Or. 591 (104 Pac. 423). If plaintiffs were not satisfied with the decrees rendered they should have filed cross-appeals.

With the modifications above noted, the decrees of the trial court are affirmed and respondents are awarded costs and disbursements. The causes are remanded with directions to enter decrees consistent herewith.                                   MODIFIED.

COSHOW, BEAN and BROWN, JJ., concur.