Argued May 9; appeal dismissed June 19, 1945

In re Gulick's Estate
GULICK v. NELSON
(159 P. (2d) 817)

Before Belt, Chief Justice, and Rossman, Kelly, Bailey, Lusk, Brand and Hay, Associate Justices.

*D. T. Bayly,* of Eugene, for appellant.

No appearance for respondent.

KELLY, J.

Mrs. Emma A. Gulick died on the 6th day of February, 1941, in Lane County, Oregon, while possessed of real and personal property in said county. Of kindred, entitled to inherit from her, only her husband F. A. Gulick survived her.

On the 15th day of February, 1941, upon a petition stating, among other things, that she died intestate, letters of administration were issued to her husband by the county court of Lane County sitting in probate.

On the 24th day of October, 1941, the final account of her administrator was approved and said administrator discharged.

On the 16th day of February, 1943, a petition was filed in said probate court of Lane County by Mrs. Jennie T. Nelson, reciting, among other things, that since the said letters of administration were issued and the order of final settlement of said estate entered, a last will and testament of said Emma A. Gulick, deceased, had been found. The document so presented is dated February 19, 1930.

By the terms of the will thus presented, Jennie Nelson, a sister of decedent, is given the decedent's jewelry, linens, bedding, furniture and other personal effects of every kind and description.

The rest, residue and remainder of decedent's property, real and personal and mixed is devised and bequeathed to The First National Bank of Pendleton, Oregon, in trust, to be held, managed, controlled and distributed as in said will directed.

Authority is expressly given to said trustee, if in its judgment the best interests of the estate may be served thereby, to convert any of the property thereof

into another or different class of property without court order or court process.

The will directs that said trustee for a period of ten years after the death of testatrix shall set apart the net income from said trust fund and invest and reinvest the same. At the expiration of ten years from the date of decedent's death, said fund of accumulated income shall be divided, one-half thereof to decedent's husband, Fred Gulick, if he then be living and unmarried and the remaining half to be divided share and share alike between decedent's four nieces, children of her sister Jennie Nelson or their survivors; and if said Fred Gulick then be deceased, or married, all of said fund shall be divided equally between said nieces or their survivors.

The third and fourth clauses of paragraph IV of said will are as follows:

"(3) I further will and direct that after the division of the fund accumulated from the trust income as hereinabove provided, my Trustee shall thereafter annually divide the annual net income from said trust in the following manner, to-wit: One-half to my said husband, as long as he shall live and remain unmarried, and the balance share and share alike between my said four nieces, or their survivors, and that such annual division of net income from said trust shall thereafter continue as long as my said husband shall live, or until he shall remarry, and thereafter, that is to say, after the death or remarriage of my husband, said annual net income from said trust shall be divided share and share alike between my aforesaid nieces, or their survivors, and until this trust shall terminate in the manner hereinafter provided.

(4) I further will and direct that when the youngest survivor of my said nieces shall have

become 30 years of age, and if my husband shall then be dead or remarried, then said trust shall forever terminate and upon the termination of said trust, I will and direct that the property thereof shall then and there be divided between my four said nieces, share and share alike; and if any of my said nieces shall be then deceased, and leave heirs of the body surviving her, then said heirs of said deceased niece shall take their mother's share by representation; and I further will and direct that if any of my said nieces shall then be deceased, and leave no heirs of the body surviving her, then my surviving nieces shall take their deceased sister's share, share and share alike.''

Based upon said last mentioned petition, a hearing was had by said probate court wherein affidavits of purported attesting witnesses to said alleged last will and testament identified photostatic copies attached to said affidavits as copies thereof. Said attesting witnesses did not testify in person.

At the hearing upon said last mentioned petition, testimony was given tending to prove that two other wills were executed by Emma A. Gulick, deceased, sometime subsequent to the 19th day of February, 1930, neither of which was produced. The date of the alleged execution of one was fixed by witness Alma Camp as being in the year 1936, and the date of the alleged execution of the other was given by witness Lilly League as being in the year 1940. Alma Camp and Lilly League each testified to having been an attesting witness to the last mentioned wills respectively.

The probate court of Lane County entered an order revoking the letters of administration issued as aforesaid and admitting the document of February 19, 1930, to probate as the last will and testament of Emma A. Gulick, deceased. From this last mentioned order of

said probate court, an appeal was taken to the circuit court of Lane County, which court reversed that part of the order of the probate court revoking said letters of administration, but affirmed the order and decree of said probate court in so far as it admitted said document of February 19, 1930, to probate as the last will and testament of said Emma A. Gulick, deceased. From the decree of the circuit court F. A. Gulick appeals.

KELLY, J. It will be noted that the order of the probate court admitting said questioned document to probate was made more than one year subsequent to the order of final settlement of said estate. Based upon that state of the record, it is contended by appellant that the probate court was without jurisdiction to make the order from which the appeal was taken to the circuit court.

It is also contended that the procedure approved in probating a will in common form by giving effect to affidavits of attesting witnesses identifying such will by reference to attached photostatic copies is not the proper method by which to secure an order admitting to probate a will found subsequent to the issuance of letters of administration.

The contention that the probate court had no authority to revoke the letters of administration after the expiration of one year from the entry of its order approving the final account of the administrator is based upon the doctrine announced in *Lothstein v. Fitzpatrick, et al,* 171 Or. 648, 138 P. (2d) 919, and authorities there cited.

■ We are not called upon to consider the propriety or impropriety of the part of the circuit court's decree

that reverses that part of the order of the probate court which revoked the letters of administration issued by the probate court. The administrator, Mr. F. A. Gulick, does not challenge that part of the circuit court's decree either by argument or assignment of error. The proponent of the will in suit, Mrs. Nelson, has not appealed and hence a decree more favorable to her than that of the circuit court would be unwarranted. *Sutherland v. Wickey,* 133 Or. 266, 271, 289 P. 375; *Coston v. Portland Trust Co., et al,* 131 Or. 71, 77, 282 P. 442; *Coast Engine & Machine Works v. Barbee,* 130 Or. 159, 279 P. 264; *Davis v. Davis,* 123 Or. 667, 263 P. 914; *Adams v. Kennard,* 122 Or. 84, 96, 222 P. 1092; *Ontario Advancement Co. v. Stevens,* 113 Or. 564, 231 P. 127; *Johnson v. Prineville,* 100 Or. 105, 118-119, 196 P. 817; *Crumbley v. Crumbley,* 94 Or. 617, 186 P. 423; *Caro v. Wollenberg,* 83 Or. 311, 163 P. 94; *Flinn v. Vaughn,* 55 Or. 372, 106 P. 642; *Bank of Commerce v. Bertrum,* 55 Or. 349, 104 P. 963, 106 P. 444; *McCoy v. Crossfield,* 54 Or. 591, 104 P. 423; *Board of Regents v. Hutchinson,* 46 Or. 57, 78 P. 1028; *Goldsmith v. Elwert,* 31 Or. 539, 50 P. 867; *Cooper v. Thomason,* 30 Or. 161, 45 P. 295; *Thornton v. Krimbel,* 28 Or. 271, 42 P. 995; *Shirley v. Burch,* 16 Or. 82, 18 P. 351, 8 Am. St. Rep. 273; *Shook v. Colohan,* 12 Or. 239, 6 P. 503.

The only questions before us pertain to the validity or invalidity of the order of the probate court admitting the will in suit to probate.

As stated, proof of the execution of the will in suit was made by means of affidavits identifying photostatic copies of said purported will. This discloses that the probate court and the proponents of said will deemed the proceeding one merely to probate said will in common form. Manifestly, it was not a contest

wherein the proponents sought an order of probate in solemn form.

This then presents the question whether an order admitting a will to probate in common form is appealable.

Statutory provisions in other jurisdictions differ from those in this jurisdiction so widely that the decisions therefrom to which our attention has been called are not in point.

In *Jenkins v. Jenkins,* 144 Ark. 417, 222 S. W. 714, and *Security Trust Co. et al v. Swope,* 274 Ky. 99, 188 S. W. 2d 200, it is held that an appeal may be taken from an order of the probate of a will in common form; but, as stated, these opinions rest upon statutory provision widely different from ours.

■ In order to justify an appeal from an order of probate in common form, we must hold that such order is one which in effect determines the action or suit so as to prevent a judgment or decree. Section 10-801, Vol. 2, O. C. L. A. This, we know, is not so. Such an order does not prevent a contest or a decree resulting therefrom. It is, therefore, not an appealable order.

For the reason that the appeal herein affects only that part of the decree of the circuit court affirming the order of the probate court admitting the will in suit to probate in common form, said appeal should be and it is dismissed.

In the probate and circuit courts, the late Mr. Fred E. Smith was attorney for respondent Mrs. Nelson. His lamentable death, which occurred on March 23, 1945, doubtless accounts for the fact that no appearance was made by Mrs. Nelson on this appeal.

Appeal dismissed.