Argued January 5, affirmed February 4, 1970

WILSON, *Appellant, v.* CLARK, *Defendant,*
WEYERHAEUSER COMPANY,
*Respondent.*

464 P. 2d 683

*Paul R. Meyer,* Portland, argued the cause for appellant. With him on the briefs were Charles L. Kobin and Kobin & Meyer, Portland.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the brief were George L. Kirklin and McColloch, Dezendorf, Spears & Lubersky, Portland.

HOLMAN, J.

Plaintiff brought suit to foreclose a logger's lien. Defendant Clark defaulted. Plaintiff appealed from a decree entered in favor of defendant Weyerhaeuser after the court sustained Weyerhaeuser's demurrer to plaintiff's complaint.

Plaintiff was an equipment dealer. Clark was a logger. Weyerhaeuser engaged Clark to log timber which it owned. Plaintiff leased equipment to Clark which was utilized in the logging of the timber with the knowledge and consent of Weyerhaeuser. Clark did not pay plaintiff for the use of the equipment. Plaintiff filed a lien on Weyerhaeuser's logs for the equipment rental. The question presented is whether a person is entitled to a logger's lien whose only connection with the work is the lease of equipment to the logger. The statute authorizing a logger's lien is ORS 87.125, which provides as follows:

"Every person *performing labor upon* or who *shall assist in* obtaining, securing, handling or transporting sawlogs, spars, piles, cordwood or other timbers, has a lien upon the same *for the work or labor* done upon or in obtaining or securing the same, whether such work or labor was done at the instance of the owner or his agent * * *." (Emphasis ours.)

Plaintiff contends that the word "labor" has uniformly and consistently been construed by the court to include equipment necessary for the prosecution of

work performed by labor. He relies upon *Weissenfels v. Schaffer*, 99 Or 228, 195 P 362 (1921), which construes the statute in question as allowing a lien for the use of a team in hauling cordwood. He also relies upon *Mathis v. Thunderbird Village, Inc.*, 236 Or 425, 389 P2d 343 (1964), and *Timber Structures v. C.W. S.G. Wks.*, 191 Or 231, 229 P2d 623, 25 ALR2d 1358 (1951), which cases granted a mechanic's lien for the rental of equipment used in construction. In each of the cases mentioned, the lien claimant used the equipment in the course of work and labor that the claimant was performing on the property upon which the lien was claimed. This is not the situation here. In the case of *George v. Oregon Etc. Ry. Co. et al*, 118 Or 502, 247 P 780 (1926), this court held there was no lienable interest under the railroad lien law, now ORS 87.235, for the use of equipment when it was not used by the lien claimant in the course of performing work. In so doing, the court construed the following statutory language:

> " 'Any and all person or persons who shall hereafter, as sub-contractor, materialman or laborer * * * or who shall do or perform any work or labor for such contractor * * * shall have a lien upon all of the property, real, personal and mixed, of said railroad corporation * * *.' " 118 Or at 507.

In denying the lien, the court said as follows:

> "* * * In the instant case, the horses and the autotruck in question were not driven or used by the lien claimants in constructing the railroad grade, but were rented to the contractor at a stipulated monthly compensation for such purpose." 118 Or at 509.

We see no basis for construing the word "labor" differently in the statute in question.

■ Plaintiff also contends that under the State Bonding Act, ORS 279.510, the term "labor," in a bond given in conformance with the statute, has been construed to include the value of the use of equipment which was not used by claimant in the performance of the work. He relies upon *Multnomah Co. v. United States F. etc. Co.*, 87 Or 198, 170 P 525, LRA 1918C 685 (1918), and *Multnomah Co. v. United States F. etc. Co.*, 92 Or 146, 180 P 104 (1919). In these cases language in a bond which was not greatly dissimilar to that in the lien statute in question was construed in conformance with plaintiff's contention. However, the first-mentioned opinion contains the following language:

> "* * * In the expression of the statute it is quite likely that the lawmakers to a certain extent had in contemplation the various lien statutes providing for liens on buildings and other property both real and personal for labor and materials. However, the enactment under consideration has a different purport and broader meaning than the ordinary lien statutes; therefore, the construction of the latter affords but little assistance in arriving at the intent of the former * * *.
> "* * * * *
> "In the present case the act and the bond are susceptible of a more liberal construction than the lien statutes * * *." 87 Or at 203-04.

The *George* case, being a lien case, is more closely analogous to the present situation. Therefore, we conclude that plaintiff's claim for the rent of the equipment does not come within the classification of "labor."

■ Plaintiff next contends that he came within the purview of the statute because he was a person who "shall assist in" obtaining logs. The words of the statute, "Every person performing labor upon or *who*

*shall assist* in obtaining  *  *  * sawlogs  *  *  * has a lien upon the same  *  *  *," must be read together with the language immediately following: "for the *work or labor* done upon or in obtaining  *  *  * the same,  *  *  *." (Emphasis ours.) The last quoted phrase indicates that it was not intended by the use of the words "shall assist in" to extend the lien to one who has not contributed "work or labor." A lien statute is construed strictly as to persons entitled to its benefits. *Timber Structures v. C.W.S.G. Wks., supra* 191 Or at 246.

■ Plaintiff also contends that since the Oregon lien statute was taken from a Washington statute, *Kidder v. Nekoma Lbr. Co. et al,* 196 Or 409, 416, 249 P2d 754 (1952), we are governed by two Washington cases holding respectively that the lessors of a team and a logging engine were entitled to a lien. The cases plaintiff relies on are *Hunt v. Panhandle Lumber Co.,* 66 Wash 645, 120 P 538 (1912), and *Steele v. Hellar,* 127 Wash 140, 219 P 879 (1923). At the time these cases were decided, the Washington statute contained language not found in the Oregon statute. The Washington statute included the following language: "[*T*]*he owner or owners* of any team or any logging engine, which shall haul or assist in hauling  *  *  * any sawlogs  *  *  * shall have a lien upon the same for the work or labor done  *  *  *." (Emphasis ours.) Therefore, the cases are not relevant.

The decree of the trial court is affirmed.