Argued January 24, modified February 7, 1928.

# IRENE DAVIS *v.* B. ERNEST DAVIS.

## (263 Pac. 914.)

**Appeal and Error—Party not Appealing is Conclusively Presumed to be Satisfied With Decree.**

1. Plaintiff, not having appealed, is conclusively presumed to be satisfied with decree, and in disposing of case court could not render decree any more favorable to plaintiff than decree appealed from by defendant.

**Divorce—Circuit Court cannot Award to Innocent Party in Divorce Case Specific Property of the Other Party.**

2. In divorce case, Circuit Court is without power to award to innocent party specific property of the other party, either real or personal.

**Appeal and Error—Evidence not Being Brought Up on Appeal, Court can Consider Only question of Law Presented by Pleadings, Expressed in Decree, and Incorporated in Notice of Appeal.**

3. Evidence not having been brought up on appeal, Supreme Court could consider only question of law presented by pleadings, expressed in decree, and incorporated in notice of appeal.

**Divorce—Portion of Decree in Divorce Case Awarding Plaintiff Judgment for $3,275.48, Could not be Disturbed, Where Complaint Alleged That Prior to Marriage Plaintiff Loaned Defendant $3,000, not Repaid, and Evidence was not Before Court.**

4. Portion of decree in divorce case awarding plaintiff judgment for sum of $3,275.28 could not be disturbed, where complaint alleged that prior to marriage of parties plaintiff loaned defendant sum of $3,000, which had never been repaid, and evidence was not brought up on appeal so that Supreme Court could not determine correctness of Circuit Court's findings.

**Divorce—Trial Court cannot Award Innocent Party in Divorce Case More Than Undivided Half of Real Property Held by Parties as Tenants by Entirety.**

5. Trial court cannot award to innocent party in divorce case more than an undivided half of real property held by husband and wife as tenants by entirety.

---

Appeal and Error, 4 C. J., p. 532, n. 90, p. 1114, n. 26.
Divorce, 19 C. J., p. 262, n. 23, 27, p. 335, n. 53.

2. See 1 R. C. L. 926.
3. See 2 R. C. L. 131.

From Multnomah: ASHBY C. DICKSON, Judge.

Department 1.

This appeal is from a part of the decree entered in the above-entitled suit. The part appealed from awards to the plaintiff the ownership of and

"the exclusive possession of the whole and entire parcel . of real property situated in Multnomah County, State of Oregon, described as: Lot two (2), in Block twenty (20), in Alameda Park, within the corporate limits of the City of Portland therein, in her own right, absolutely and forever, and free from any and all and every right, title, claim and/or interest of the defendant therein or thereto,—and this free and clear from any and all liens and/or incumbrances against the same, and especially free from that certain mortgage lien now against the same in favor of The Equitable Life Assurance Society of the United States; * * "

That part of the decree appealed from further requires the defendant to execute a deed conveying said premises to the plaintiff within five days from the date of said decree, and in lieu thereof the decree shall answer for said deed.

The appeal is also taken from that portion of the decree giving to plaintiff a judgment against defendant for $3,275.48 and requiring plaintiff to cancel the mortgage against said real property. The transcript does not include the evidence. We have nothing in the record before us except the complaint, answer, reply, findings, conclusions and decree, assignment of errors, notice of appeal and undertaking on appeal.

The only question presented for determination is one of law and that is, Was the Circuit Court authorized to award to plaintiff the real property owned

by plaintiff and defendant by the estate in the entirety? The property awarded to plaintiff in said decree was owned by the parties as husband and wife. Plaintiff does not appeal from the decree or any part thereof.    MODIFIED.

For appellant there was a brief and oral argument by *Mr. John A. Beckwith.*

For respondent there was a brief and oral argument by *Mr. Howard P. Arnest.*

COSHOW, J.—1. Plaintiff, not having appealed, is conclusively presumed to be satisfied with the decree. In disposing of the case we cannot render a decree any more favorable to plaintiff than the decree appealed from by the defendant: *Crumbley* v. *Crumbley,* 94 Or. 617 (186 Pac. 423).

2. It has been determined so often that the Circuit Court is without power to award to the innocent party in a divorce case the specific property of the defendant, either real or personal, that it should be considered the settled law of the state. It is unnecessary to discuss the principle involved and we content ourselves with citing the authorities: *Rees* v. *Rees,* 7 Or. 48; *Huffman* v. *Huffman,* 47 Or. 610, 617 (86 Pac. 593, 114 Am. St. Rep. 943); *Taylor* v. *Taylor,* 54 Or. 560, 570 (103 Pac. 524).

3. The evidence not having been brought here, we can consider only the question of law presented by the pleadings, expressed in the decree and incorporated in the notice of appeal. The pleadings clearly show that the real property, attempted to be transferred from defendant to plaintiff by the decree, was never the property of the plaintiff. Consequently

the rule announced by this court in *Taylor* v. *Taylor*, above, does not apply.

4. The other portion of the decree appealed from by defendant, to wit, the judgment for the sum of $3,275.48, cannot be disturbed because the complaint alleges that prior to the marriage of the parties plaintiff loaned to defendant the sum of $3,000 which has never been repaid. We do not have the evidence so that we can inquire into the correctness of the Circuit Court's findings upon which that part of the decree is based: *Crumbley* v. *Crumbley*, above.

5. Since the briefs were prepared in the instant case this court has announced that the trial court cannot award to the innocent party more than an undivided half of the real property held by the husband and wife as tenants by the entirety: *Schafer* v. *Schafer*, 122 Or. 620 (260 Pac. 206).

The decree appealed from will be affirmed in all respects except as to the transfer to plaintiff of the above-described real property and reversed so far as that part of the decree is concerned. A decree will be entered here in accordance with this opinion; that is, following the decree as entered in the court below, except as to the award of said real property which will be awarded to the plaintiff and defendant in equal parts as tenants in common. Neither party will recover costs in this court.    MODIFIED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.