Argued January 15; submitted in banc March 27,
affirmed as modified April 2, 1979

In the Matter of the Marriage of
THARP, *Respondent,*
*and*
THARP, *Appellant.*
(No. 24539, CA 12260)
592 P2d 1079

Argued and submitted January 15, 1979. Submitted in banc March 27, 1979.

Jean W. Christensen, Salem, argued the cause and filed the brief for appellant.

Marvin J. Weiser, Dallas, waived appearance for respondent.

GILLETTE, J.

## GILLETTE, J.

Wife appeals from a decree of dissolution of marriage. She makes three assignments of error, only one of which requires discussion.

Wife objects to the trial court's decision to place the marital assets awarded to the wife in a trust. The relevant portion of the trial court's decree provides:

"[Wife] is awarded judgment against the [husband] in the sum of $20,000.00, which sum shall be a lien upon [his] real property, and which sum shall be paid to said trustee to be held subject to further order of the Court * * *."

We agree with the wife that the trial court's action placing her award in trust was improper. We are not directed by the parties to any statute which might authorize the court's action. ORS 107.105(1) addresses the authority of a court in issuing a decree and provides in pertinent part:

"(1) Whenever the court grants a decree of * * * dissolution of marriage* * *, it has power further to decree as follows:

"* * * * *

"(f) If there is a minor child of the marriage:

"(A) For the appointment of one or more trustees to hold, control and manage for the benefit of the children of the parties, of the marriage or otherwise, such of the real or personal property of either or both of the parties, as the court may order to be allocated or appropriated to their support and welfare; and to collect, receive, expend, manage or invest any sum of money decreed for the support and welfare of minor children of the parties.

"(B) For the appointment of one or more trustees to hold, manage and control such amount of money or such real or personal property of either or both of the parties, as may be set aside, allocated or appropriated for the support of a party.

"* * * * *."

[567]

■ It is clear that these provisions, when read *in pari materia* as they must be,[1] are designed to ensure that all minor children of divorced or separated parents will be cared for. Subsection (B) is designed to ensure the well-being of the custodial parent during the minority of the child on the theory that the well-being of the child is in part derived from the well-being of the parent. But where, as here, the custodial parent is not the parent for whose benefit the trust is set up, subsection (B) would not apply.[2]

We hold that that portion of the trial court's decree which ordered that wife's share of the marital assets be placed in trust is in error. In all other respects the trial court's opinion is affirmed.

Affirmed as modified.

**THORNTON, J.,** dissenting.

In my view the majority's decision represents an improper curtailment of the equitable powers of the trial judge to fashion an appropriate decree.

As I read the statute, the challenged provisions of the trial judge's decree for safeguarding the handicapped wife's share of the marital assets are entirely proper and are authorized by ORS 107.405 and 107.105(1)(c).

ORS 107.405 provides:

"When a court is sitting in proceedings for annulment or dissolution of a marriage, or for separation, it shall have full equity powers."

---

[1] "The various sections of a statute should be construed in pari materia." *Rosentool v. Bonanza Oil & Mine Co.*, 221 Or 520, 352 P2d 138 (1960).

[2] We do not mean to imply that the trial court would never have the authority to set up a trust for the benefit of a party to a dissolution of marriage decree. For example, had wife been declared mentally incompetent, the trial court's authority to require that a trust be set up for benefit of wife would follow from authority to make protective provisions for such persons under ORS 126.217.

[568]

ORS 107.105(1)(c), so far as pertinent here, provides:

> "(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:
>
> " * * * * *
>
> "(c) For the support of a party, in gross or in instalments, or both, such amount of money for such period of time as it may be just and equitable for the other party to contribute. * * * In making such support order, the court shall consider the following matters:
>
> " * * * * *
>
> "(I) Such other matters as the court shall deem relevant."

Lee, J., joins in this dissent.