Argued and submitted September 11, order vacated;
motion dismissed January 25, 1982

In the Matter of the Marriage of

MELKONIAN,
*Respondent,*
*and*
MELKONIAN,
*Appellant.*

(No. 21572, CA A20815)

639 P2d 662

Bruce L. Melkonian, Portland, argued the cause and filed the brief for appellant Bruce L. Melkonian, pro se.

No appearance for respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals from an order modifying a decree of dissolution. The order requires him, as trustee of a personal property trust for the benefit of the parties' minor daughter, to pay taxes on real property held in trust by wife as trustee for the daughter. The order also requires him to pay wife's attorney fees. Husband contends the trial court lacked jurisdiction to enter the order. We agree and vacate the order.

Before the parties' marriage dissolution in 1977, husband's mother made a gift of corporate securities to him to be held in trust for the benefit of the parties' minor daughter. Husband reinvested the accumulated dividends in an unimproved lot next door to the parties' family home. He took title as trustee for the benefit of the daughter. The 1977 decree of dissolution awarded the parties' home to wife and made wife "primary trustee" and husband "secondary trustee" of the daughter's unimproved lot. The decree did not define the trust terms or delineate the parties' duties and responsibilities. The decree does, however, require wife to give written notice to husband thirty days before selling the property. Husband continued to administer the securities trust and accumulated the dividends in bank acounts for the benefit of the daughter.

In 1981, wife moved for an order requiring husband to show cause why he, as trustee of the securities and money for their daughter, should not be required to pay the delinquent property taxes on the unimproved lot held by wife as trustee. Her supporting affidavit stated: "I believe it is proper that [daughter's] funds be used to protect her property. I have requested that [husband] pay the taxes using [daughter's] funds. He has refused." Husband challenged the trial court's jurisdiction, but the court found that payment of the real estate taxes from funds in the bank account trust "would be equitable" and that the court had the authority to so order.

The trial court based its order on ORS 107.135 and 107.405.[1] ORS 107.135 provides, in part:

---

[1] *See also*, ORS 107.105(1)(f)(C), which provides:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"(1) The court has the power at any time after a decree of annulment or dissolution of marriage or of separation is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

"(a) Set aside, alter or modify so much of the decree as may provide for the appointment and duties of trustees, for the custody, support and welfare of the minor children, or for the support of a party; * * *

"* * * * *."

ORS 107.405 provides:

"When the court is sitting in proceedings for annulment or dissolution of a marriage, or for separation, it shall have full equity powers."

Husband contends that, despite the superficial equity of the trial court's solution, the court had no jurisdiction over the securities and money trust under the dissolution of marriage statutes. ORS 107.135 authorizes the court to modify particular provisions of a decree of dissolution. In this case the decree addressed the realty portion of the trust, but was entirely silent with respect to the securities and the bank account funds, if any such funds existed at the time. Therefore, in a proceeding for modification of the decree, the securities and bank account trust was not within the court's jurisdiction.

Neither did the trial court obtain jurisdiction under the full equity powers of ORS 107.405. The securities were placed in trust, not by the dissolution court, but by the husband's mother for the benefit of the parties' daughter. The securities and the accumulated dividends, either in the bank or reinvested in the real property next door to the

---

"* * * * *

"(f) If there is a minor child of the parties:

"* * * * *

"(C) The court shall direct the terms of the trust [created to hold, control and manage the parties' property for the benefit of the parties' children pursuant to subparagraph (A)] * * *. Upon petition of a party or a person having an interest in the trust showing a change of circumstances warranting a change in the terms of the trust, the court shall have the power to make and direct reasonable modifications in its terms.

"* * * * *."

parties' former family home, are the daughter's property and were her property prior to the decree of dissolution of her parents' marriage. Even assuming that the dissolution court in 1977 had jurisdiction to designate wife the "primary trustee" of the real property adjacent to the former family home, the court cannot use its jurisdiction pursuant to the dissolution statutes to order particular conduct of husband *as trustee* of the daughter's property, when the property belonged to the daughter prior to the dissolution.[2]

The cases relied on by wife in support of the court's full equity powers are inapposite. In *Tharp and Tharp,* 39 Or App 565, 592 P2d 1079 (1979), we read the provisions of ORS chapter 107 *in pari materia* "to ensure that all minor children of divorced or separated parents will be cared for." The question in that case was whether the trial court had authority to create a trust for the benefit of the wife when she was not the custodial parent of minor children. There is no issue in the present case that the daughter is inadequately cared for, nor does the present case involve a judicially created trust. In *Jones and Jones,* 31 Or App 1171, 572 P2d 347 (1977), we applied the court's full equity powers to fashion relief responsive to the circumstances, although not the relief sought by either party. In that case the father's visitation rights were suspended for 18 months to allow the child to settle down emotionally. The court's jurisdiction was clearly based on modification of the prior decree of dissolution. Finally, in *Harder v. Harder,* 26 Or App 337, 552 P2d 852 (1976), we held that the former wife could attack the decree of dissolution on the ground of fraud by motion to vacate portions of the decree, instead of proceeding by a separate suit in equity. Under that case, a trial court may apply its full equity powers under the dissolution statutes to determine the validity of a decree entered under those statutes. In the present case the court applied its equity power to a matter not directly related to the decree of dissolution. We read ORS 107.405 as invoking only such equity powers as are appropriate for fashioning or modifying a decree under ORS chapter 107.

---

[2] It is questionable whether the court had authority to designate wife as trustee of the unimproved lot. The lot was purchased with trust funds and became a part of the trust corpus. The decree in essence modified a trust created by the child's grandmother. In a dissolution proceeding, the court has authority to distribute only the property of the parties. ORS 107.105(1)(e); 107.105(1)(f)(A).

Because the trial court did not have jurisdiction over this matter, we vacate the order. The wife's motion to modify the decree is not the appropriate means for seeking modification of a trust that was not created by that decree.

Order vacated; motion dismissed. No costs to either party.