In the Matter of the Marriage of

Diana Parsons BECKER,
*Appellant - Cross-Respondent,*
*and*

John Gilbert BECKER,
*Respondent - Cross-Appellant.*

(D8905-63511; CA A70488)

858 P2d 480

William D. Rives, Seattle, Washington, argued the cause for appellant. With him on the brief were Shelley Larkins, Erich D. Andersen and Davis Wright Tremaine, Portland.

Jack L. Kennedy, Portland, argued the cause for respondent. With him on the brief were Susan E. Watts and Kennedy, King & Zimmer, Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

**DURHAM, J.**

Wife appeals and husband cross-appeals the property division provisions of a dissolution judgment. We review *de novo*. ORS 19.125.

The marriage lasted 27 years. The parties separated in January, 1989. Husband is 53, and wife is 52. Husband, who retired just before trial, receives a pension of approximately $50,000 per year gross. Throughout most of the marriage, wife was a homemaker.

Wife has interests in seven trusts, all of them created before the marriage. Wife's interest in the corpus of the "William W. Chapin Trust #1" vested in August, 1988. She segregated proceeds from the trust when they were distributed, which occurred after her separation from husband. Wife's interest in the "William W. Chapin Trust #2" as an income beneficiary vested in August, 1988. The present value of her future income share is $192,381. Her income interest in the "Maude and Reginald B. Parsons Trust," valued at $507,831, vested when her father died in July, 1989, after the parties had separated. She has a contingent interest in the corpus, worth $3,821,500, which will vest when her elderly aunt dies. The "Manufacturers Hanover Trust" terminated when her father died. Wife will receive about $200,000 when it is distributed. She also is an income beneficiary of the "Catherine Chapin Parsons Estate Trust." That interest, valued at $404,761, vested in August, 1988. Finally, wife is a lifetime income beneficiary of the "William Wallace Chapin San Francisco Trust." Her interest has a value of $192,381.

None of the settlors indicated an intent to benefit a future husband. Only the "Reginald Bemis Parsons 1949 Trust" (the 1949 Trust) provided a significant source of income during the marriage. Wife received from that trust $432,449 during the marriage, which she commingled with husband's income.

The trial court valued wife's interest in the 1949 Trust at $2,049,288.[1] In dividing the property, the court

---

[1] The trial court accepted the testimony of an actuary regarding the value of the trust interest. Present value represents the current value of the future income, taking into account the likelihood of receipt and discounting probable interests. The trial court then deducted 34.5 percent for taxes.

awarded to wife most of her trust interest and to husband most of the marital assets, including the family home. It also awarded husband a judgment of $2,024,644, payable in 20 semi-annual installments of $50,000, with the balance due when the corpus of the Maude and Reginald B. Parsons Trust is distributed to wife. There is no interest imposed on the judgment, but if wife misses a payment, interest at nine percent per annum accrues on the entire remaining balance.

Wife assigns error to the court's disposition of her trust interests. She argues that her trust interests are her separate property, not subject to the court's dispositional authority. In the alternative, she contends that, even if husband were entitled to share in her interests, the amount awarded to husband is inequitable.

█    Assets acquired during a marriage are marital assets subject to disposition by the court on dissolution under ORS 107.105(1)(f). *Stice and Stice*, 308 Or 316, 325, 779 P2d 1020 (1989). ORS 107.105(1)(f) creates a presumption that both parties contributed equally to the acquisition of assets received during the marriage, although that presumption can be rebutted by showing that one spouse acquired the property without the other spouse's contribution. *Wolhaupter-Heinzel and Heinzel*, 108 Or App 514, 519, 816 P2d 672, *rev den* 312 Or 526 (1991). Some of wife's interests did vest and wife did receive some income from the various trusts during the marriage. Accordingly, those were marital assets. With respect to those assets, however, we conclude that the presumption of equal contribution was rebutted, because the record does not demonstrate that husband contributed in any way to the acquisition of those assets, or that there was any intent to benefit him. *Taylor and Taylor*, 121 Or App 635, 639, 856 P2d 325 (1993).

█    Nonetheless, the court on dissolution may distribute "the real or personal property, or both, of either or both of the parties." ORS 107.105(1)(f). As explained in *Pierson and Pierson*, 294 Or 117, 122, 653 P2d 1258 (1982):

> "The term 'real or personal property, or both, of either or both of the parties' in the first sentence [of ORS 107.105(1)(f)] describes a larger class of property than the term 'marital assets' because it can include property owned prior to the marriage. The upshot is that property may be

subject to the authority of the court to divide property, yet not be a marital asset.''

According to *Stice and Stice, supra*, 308 Or at 326,

"Whether or not the statutory presumption of equality of contribution has been rebutted, ORS 107.105(1)(f) ultimately authorizes and requires courts to distribute any and all of the spouses' property, *including separate property*, 'as may be just and proper in all the circumstances.' " (Emphasis supplied.)

■     The pertinent question here is whether the court's disposition of the parties' assets is "just and proper in all the circumstances." ORS 107.105(1)(f). We conclude that it is. The parties used wife's income from the 1949 Trust to supplement husband's income and intended to continue using it during their retirement. During the marriage, wife's entitlement to her trust interests was never in doubt. They used husband's salary and did not save for retirement in anticipation that wife's trust receipts and husband's pension would keep them financially secure during retirement. The judgment partially compensates husband for his reliance on wife's assets for retirement. *See Taylor and Taylor, supra*, 121 Or App at 640; *Stice and Stice, supra*, 308 Or at 318; *Richardson and Richardson*, 307 Or 370, 382, 769 P2d 179 (1989); *Pierson and Pierson, supra*, 294 Or at 123.

■     Wife argues that a spendthrift provision[2] prevented the court from attaching a judgment lien to her share of the 1949 Trust corpus. However, the judgment is not a lien on the trust corpus. It requires wife to pay $1,024,644 when the trustee distributes the corpus. That sum does not have to be paid from the trust corpus; the judgment establishes only a

---

[2] The trust instrument provides:

"No share or interest of any beneficiary shall vest in the beneficiary until actually paid or delivered to the beneficiary or his or her legal representative. Nor shall any share or interest of a beneficiary be liable for his debts, or be subject to the process or seizure of any court, or be an asset in bankruptcy of any beneficiary. No beneficiary hereunder shall have power to anticipate, alienate, or encumber his or her interest in the trust estate or in the income therefrom. If by reason of bankruptcy, judgments, or any other cause, any income or principal would, except for this proviso, vest in or be enjoyed by any person other than the beneficiary intended by the terms of this trust, then such principal or income shall not be distributed but shall be withheld by the Trustee during the life of such a beneficiary or any shorter period or periods in the absolute discretion of the Trustee."

time for payment. Husband received no interest in the trust itself.

■        Wife also argues that the interest provision on the $1,000,000 judgment constitutes a penalty. The corpus of the 1949 Trust is composed primarily of Bemis stock. She contends that, if the Bemis directors elect not to pay a dividend, she will not have sufficient funds to make her semi-annual payments, and the interest will become onerous. Wife has a history of failing to comply with court orders and, according to the record, the court wanted to give her an incentive to make the payments. Under the circumstances, the structure of the interest provision was within the court's discretion.

Wife next asserts that the court erred in awarding husband some of her family's heirlooms. She cites no portion of the record where she established that the items husband received were her heirlooms.

Wife's remaining assignments of error, which contest the trial court's valuation of the trusts and the qualifications of husband's expert to testify as to their value, lack merit and do not require discussion.

■        On cross-appeal, husband asserts that the trial court erred in failing to provide that his money judgment shall accrue interest at the legal rate. He argues that *Price and Price*, 43 Or App 1029, 1034 n 5, 607 P2d 756 (1979), requires the trial court to provide for interest when the settlement is paid over a term of more than a year. In that case, we said that, as a general rule, we allow interest "when payment of the property settlement award extends beyond one year." 43 Or App at 1034 n 5. Wife argues that she has no control over the trust payments and that, because she has no ability to pay the entire debt immediately, awarding interest would only increase her burden with no corresponding benefit to her. Wife is correct. *Griffin and Griffin*, 34 Or App 765, 769, 579 P2d 885 (1978).

Affirmed on appeal and on cross-appeal. No costs to either party.