On appellant's petition for reconsideration filed August 10, reconsideration allowed; opinion (121 Or App 635, 856 P2d 325) modified; affirmed November 17, 1993

In the Matter of the Marriage of

James A. TAYLOR,
*Appellant,*
*and*

Manuela Diana TAYLOR,
*Respondent.*

(C90-2246DR; CA A75155)

863 P2d 473

Ira L. Gottlieb and Keller, Gottlieb & Gorin for petition.

Barbara P. McFarland and Mason, Rowlette, McFarland, Westendorf & Richardson, *contra.*

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

### De MUNIZ, J.

Husband petitions for reconsideration of our opinion. 121 Or App 635, 856 P2d 325 (1993). We allow the petition, modify our opinion and affirm.

We address only husband's argument that we erred when we recalculated husband's inheritance and increased the amount of wife's judgment, given that wife did not challenge the trial court's judgment by a cross-appeal. *Hofer v. Hofer*, 244 Or 88, 92, 415 P2d 753 (1966); *Davis v. Davis*, 123 Or 667, 669, 263 P 914 (1928). Wife responds that she is not attacking the trial court's decision:

> "The trial judge awarded wife one-third of husband's inheritances. Wife supports that decision. If the Court of Appeals, on *de novo* review, adds up a different value for husband's inheritances than did the trial judge, wife supports her one-third share of that value."

Wife cites Article VII, section 3, of the Oregon Constitution,[1] which grants authority to the appellate court to increase a judgment, and *Snyder v. Amermann, Jr.*, 194 Or 675, 681, 243 P2d 1082 (1952), in which the Supreme Court entered a judgment for general damages after it reviewed the record:

> "[U]nder Article VII, § 3 of the constitution, where error has been committed in the lower court, all elements being present, we have the authority to reduce verdicts where the record warrants it and have exercised such authority. We likewise have authority to increase verdicts since we try the case under such constitutional provision, when the situation is appropriate, *de novo* on the record as a suit in equity."

In *Snyder*, the question was whether the verdict entered by the jury was a verdict for general or special damages. The court concluded that the verdict was for special damages. No general damages had been awarded, but, instead of remanding for retrial, in the interest of judicial economy, the court reviewed the record and determined an amount of

---

[1] Article VII, section 3, provides, in part, that

"if, in any respect, the judgment appealed from should be changed, and the supreme court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal."

general damages that would reasonably compensate the plaintiff.

In *Snyder*, plaintiff alleged an error based on damages. Here, wife did not claim that the amount of her judgment was in error. We do not conclude from *Snyder* that *de novo* review alone gives us authority to increase a judgment. Unless a party asserts that an error has been made, the party "is conclusively presumed to be satisfied with the decree." *Davis v. Davis, supra*, 123 Or at 669.

Wife asserts, however, that the award was a percentage of the inheritance and that our opinion upheld that percentage. Although that is so, it does not assist wife. The trial court determined that the percentage was a sum certain and that dollar amount was entered as the judgment. Wife did not challenge that amount. We erred in increasing wife's judgment.

We accepted husband's argument that the court should not have included the Edith Davis Trust in the marital estate. However, accepting that argument did not result in an automatic reduction of wife's award. On *de novo* review, we were not precluded from recalculating the assets, and we found a higher value of the marital estate without the trust than the trial court did by including it. There was no basis on which to reduce wife's judgment. We therefore affirm the trial court's judgment in its entirety.

Reconsideration allowed; opinion modified; affirmed.