Submitted on record and briefs August 29, 1997, judgment modified in part; otherwise affirmed January 13, respondent Linda Jean Jones's petition for reconsideration filed February 3 allowed by opinion March 31, 1999 See 159 Or App 377 (1999) Petition for review denied June 8, 1999 (328 Or 666)

In the Matter of the Marriage of

## Linda Jean JONES,
*Respondent,*

*and*

## Thomas Douglas JONES,
*Appellant,*

*and*

## Thomas Douglas JONES,
Trustee of the Anna Mae and David H. Jones Testamentary Trust B and the Thomas and Linda Jones Revocable Family Trust,
*Third-Party Respondent-Appellant,*

*and*

## Esther Mae JONES,
a child attending school, ORS 107.108(4),
*Respondent.*

(94P-20702; CA A92957)

973 P2d 361

J. Michael Alexander and Burt, Swanson, Lathen, Alexander, McCann & Smith, P.C., filed the briefs for appellant and third-party respondent-appellant.

Russell Lipetzky and Saucy & Lipetzky, P.C., filed the brief for respondent Linda Jean Jones.

No appearance for respondent Esther Mae Jones.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Linder, Judge.

DEITS, C. J.

**DEITS, C. J.**

Husband appeals from the judgment in this dissolution action. His only contentions on appeal concern the trial court's disposition of certain assets of a trust that was established by husband's deceased parents and of which husband is the trustee.[1] On *de novo* review, we modify the judgment.

The parties were married in 1973. Husband was 73 and wife 54 at the time the dissolution judgment was entered. The parties had one child, Esther. Husband had three children by a prior marriage; wife had one child by an earlier marriage, whom husband adopted. All of the children are adults.

The trust was created in 1974. Its income was to be used primarily for the benefit of husband's parents during their lifetimes. Upon the survivor's death, certain cash distributions were to be made from the trust principal, including $10,000 to each of three designated educational institutions. The remaining trust assets were to be distributed in shares of 80 percent to husband, five percent each to Esther and two of the other children, and five percent to wife on the condition that she was still married to husband. Husband's father and mother died in 1980 and 1981, respectively. However, no distribution of the trust occurred. Instead, husband continued to use the income it generated as the primary source of meeting family needs. At some point before the dissolution, husband purported to purchase the distributive shares of the two beneficiary children other than Esther. Esther was joined as a party to the dissolution proceeding, as was husband in his capacity as trustee of the trust, as well as individually. The three educational institutions were not joined.

After the hearing, the trial court prepared two opinion letters. In the first, dated February 22, 1996, after outlining the foregoing factual background, the court stated that husband had breached his fiduciary duty as trustee by failing to make the required distributions and by continuing to use the trust income for his and his immediate family's benefit.

---

[1] The trial court's division of the parties' other property is not challenged on appeal.

The letter also noted that the trust had been the main source of the family's income during most of the marriage; that wife had participated extensively in the care of her parents-in-law before their deaths and that husband had not rebutted the presumption of equal contribution by wife to the trust as an asset; and that:

> "The entire value of the trust is therefore to be included in the valuation and distribution of assets in this case. To fail to acknowledge the trust as an asset would be to ignore the reliance of the parties on this asset during the term of the relationship."

The court proceeded to value the trust. After discounting the distributions due to the educational entities and taking account of "the forfeiture of [wife's] interest" due to the dissolution of the marriage, the court placed a value of $1,293,500 on husband's distributive share. It then required husband *either* to make an "in-kind" distribution to wife of two pieces of real property owned by the trust, *or* to pay her a so-called equalizing judgment of $550,000. The court allowed husband 30 days within which to complete performance under the in-kind distribution option. Finally, the court stated that husband was to pay wife spousal support of $4,000 monthly until the in-kind distribution of the trust property or the full payment of the equalizing amount was completed.

The court entered a temporary order embodying the above holdings. Thereafter, however, a number of problems arose. Consequently, the court altered certain aspects of its disposition, as summarized in a follow-up letter opinion of April 2, 1996:[2]

> "The last issue is the form of Decree, particularly the matter of a money judgment or the conveyance of certain realty. I had, in my original letter opinion, allowed Respondent the option of causing a conveyance of the real property or having the judgment and spousal support provisions become effective. I am satisfied that Respondent intends to do whatever he can to attempt to avoid the provisions of this Court's judgment in regard to the trust asset matters. If I were to simply order the money judgment and support,

---

[2] The letter refers to wife as "petitioner" and to husband as "respondent."

Respondent could claim that I allowed the trust to remain as a separate entity whose assets are not reachable by Petitioner to satisfy the [judgment] granted here. Respondent could maintain insufficient other assets to satisfy Petitioner's [judgment], while enjoying the $100,000.00 annual proceeds from the trust during his [lifetime]. Upon his death, the claim would be that the beneficial interest in the trust passed outside Respondent's estate by designation. Given Respondent's age, actions and obvious intentions, this scenario is quite likely. I [cannot] allow Respondent to attempt to frustrate this Court's decision in such a fashion.

"Respondent failed to act within the time frames I had provided and refuses to indicate how he would intend to proceed. I have therefore determined that the most fair and equitable approach is to order the trust dissolved and order that the service station and bare land real property be transferred to Petitioner * * *. That is this Court's order."

Consistent with the second letter, paragraph 4 of the dissolution judgment orders:

"Husband, in his capacity as trustee for Third-Party Respondent Anna Mae and David H. Jones Testamentary Trust B, shall immediately transfer title to the properties described in paragraphs 4.1 and 4.2 hereof from the Anna Mae and David H. Jones Testamentary Trust B by warranty deed to Husband (as an individual). Husband (as an individual) shall then immediately transfer fee simple title to said properties to Wife."

Relatedly, the judgment awards no spousal support, and it provides that the trust "shall be deemed revoked effective 30 days after the date of this judgment."

Husband makes one assignment of error, which is directed in the main against paragraph 4 of the judgment. However, he includes four "sub-assignments" within his assignment, asserting respectively: (1) that the trial court had no authority to direct the disposition it made of the trust and trust assets in this dissolution proceeding; (2) that it could not take actions concerning the trust without joining all beneficiaries as parties; (3) that California law rather than Oregon law applies to the "disposition of trust assets"; and (4) that the court erred in finding that wife had "contributed equally" to the trust, or was entitled to the amount the court

awarded her on the basis of the court's valuation of the trust assets.[3] For the reasons discussed below, we agree with husband's first argument. His second and third arguments are therefore academic, and we reject his fourth without discussion.

In *Melkonian and Melkonian,* 55 Or App 586, 639 P2d 662 (1982), the daughter of the parties to the dissolution was the beneficiary of a trust, consisting of corporate securities, that was established by the child's grandmother before the dissolution. The husband served as trustee and had acquired certain real property with the trust income. In its dissolution judgment, the trial court purported to designate the wife as trustee with respect to the real property, while husband remained trustee of the original trust. The appeal arose from a modification order, in which the court directed the husband to pay the taxes on the real property out of the proceeds of the securities trust. We agreed with the husband that the trial court lacked the authority to do so, notwithstanding its "general equitable powers" under the dissolution statutes. We explained:

"Neither did the trial court obtain jurisdiction under the full equity powers of ORS 107.405. The securities were placed in trust, not by the dissolution court, but by the husband's mother for the benefit of the parties' daughter. The securities and the accumulated dividends, either in the bank or reinvested in the real property next door to the parties' former family home, are the daughter's property and were her property prior to the decree of dissolution of her parents' marriage. Even assuming that the dissolution court in 1977 had jurisdiction to designate wife the 'primary trustee' of the real property adjacent to the former family home, the court cannot use its jurisdiction pursuant to the dissolution statutes to order particular conduct of husband *as trustee* of the daughter's property, when the property

---

[3] Husband also argues, in connection with his fourth point, that the trial court failed to give decisive or due weight to the fact that the trust instruments contained a "spendthrift provision." Given the fact that final distribution of the trust was required 15 years before the dissolution judgment was rendered, we do not think that any failure of the trial court to attach significance to that provision was erroneous. The trustors could not have intended that the provision would act as a brake on any beneficiary's expenditures after full distribution should have occurred.

belonged to the daughter prior to the dissolution.[2]" *Melkonian*, 55 Or App at 589-90 (emphasis in original).

In the footnote to that passage, we proceeded to question even that assumption, although the original dissolution judgment was not directly before us. We said:

> "It is questionable whether the court had authority to designate wife as trustee of the unimproved lot. The lot was purchased with trust funds and became a part of the trust corpus. The decree in essence modified a trust created by the child's grandmother. In a dissolution proceeding, the court has authority to distribute only the property of the parties. ORS 107.105(1)(e); 107.105(1)(f)(A)." *Id.* at 590 n 2.

The issue in *Melkonian* differs from those in other cases that hold that courts in dissolution proceedings do have certain authority over trust assets, in some instances including the power to order distribution. In *Killam v. Killam*, 251 Or 59, 444 P2d 479 (1968), for example, the Supreme Court approved a trial court order directing the partition and sale of certain property that was held in trust solely for the benefit of the husband and wife. In *Wetmore v. Wetmore*, 5 Or 469 (1875), the court essentially pierced the veil and held that the husband could not escape the wife's claim to a share of the property in question by conveying it to a friend to hold in trust for the husband's benefit.

Another variation on the theme was presented in *Becker and Becker*, 122 Or App 567, 858 P2d 480, *rev den* 318 Or 60 (1993). We held that the trial court acted within its authority by prospectively ordering the wife to pay an equalizing judgment to the husband at such later time as she received distribution of her share of the trust of which she was a beneficiary. We concluded that, under the facts, the trust interest was not a marital asset because the presumption of equal contribution had been rebutted. Nonetheless, we noted that "the court on dissolution may distribute 'the real or personal property, or both, of either or both of the parties.' ORS 107.105(1)(f)." We continued:

> "The pertinent question here is whether the court's disposition of the parties' assets is 'just and proper in all the circumstances.' ORS 107.105(1)(f). We conclude that it is.

The parties used wife's income from the 1947 Trust to supplement husband's income and intended to continue using it during their retirement. During the marriage, wife's entitlement to her trust interest was never in doubt. They used husband's salary and did not save for retirement in anticipation that wife's trust receipts and husband's pension would keep them financially secure during retirement. The judgment partially compensates husband for his reliance on wife's assets for retirement.

"Wife argues that a spendthrift provision prevented the court from attaching a judgment lien to her share of the 1947 Trust corpus. However, the judgment is not a lien on the trust corpus. It requires wife to pay $1,024,644 when the trustee distributes the corpus. That sum does not have to be paid from the trust corpus; the judgment establishes only a time for payment. Husband received no interest in the trust itself." *Becker*, 122 Or App at 571-72 (footnote and citations omitted).

▮ The principles that emerge from the cited cases and similar ones are straightforward and internally consistent. To summarize, the court in a dissolution proceeding generally may not *directly* control the disposition of a trust that is established by trustees other than the parties and independently of the proceeding, *at least* when there are beneficiaries other than or in addition to the husband and wife. That principle is not affected by the fact that the husband or wife is the trustee of the trust. The court may, nevertheless, consider the parties' interests as beneficiaries of the trust and may treat those interests in much the same way as the parties' other individual or marital property, short of ordering direct distribution from the trust. The court does have authority to deal with a trust and its assets directly under circumstances where the trust itself is a sham to conceal or distort the parties' interests in the property it contains. On appropriate occasions, the court may also exercise direct authority over the disposition of trust assets when the husband, the wife or both are its only beneficiaries. Regardless of the limitations on a dissolution court's authority to order direct actions by a trustee with respect to trust property, the court may order the division or distribution of a party's trust benefits effective as of the time they are received or are reachable by the party. It is also within the court's authority to direct the division of

nontrust property or to enter equalizing money judgments that are based in whole or in part on the value of trust assets or interests that cannot be (or are not ordered to be) reached directly.

■ This case comes close to falling in a gray area under the foregoing principles. Although the trust is an ongoing legal entity, it was subject to full distribution and termination over 15 years ago under the terms of its governing instruments. Although there are beneficiaries other than the parties, husband now has a beneficial claim to approximately 90 percent of the trust assets. Further, although the parties have cognizable property and income sources outside the trust, the trust has provided their primary support through most of the marriage. Nonetheless, we conclude that this case does not quite come within the area of the trial court's authority to make direct dispositions of the trust property. The trust *is* a separate legal entity with beneficiaries other than husband; the fact that he as trustee has failed to manage the trust in the manner required by its terms does not divest it of those characteristics, and his management of the trust is not susceptible to redress in *this* judicial proceeding. Consequently, we agree with husband that the court lacked the authority to order the distribution described in its second letter opinion and memorialized in paragraph 4 of the judgment.

■ However, the alternative division of property proposed in the trial court's *first* letter was well within its authority and, on *de novo* review, we generally agree with the property division delineated in that letter. Although neither the trial court nor we have the authority in this case to order husband as trustee to distribute trust assets to himself or to wife, we may require him to pay a money judgment in an amount calculated to accomplish a fair and equitable division of the parties' property, taking into account the value of the property in the trust.

■ The trial court's first letter set the amount of the money judgment at $550,000. In so doing, the court noted that that amount was significantly greater than the value of the two trust properties that would be conveyed under the in-kind alternative. Wife argues that, in the event that we are

unable to sustain the in-kind distribution requirement in the judgment, we should award her a money judgment of $646,750, which is one half of the value of husband's beneficial interest in the trust.[4] Husband responds that, if we reverse the in-kind distribution provision in the judgment, we should remand the property division issue to the trial court "for further proceedings." We are not persuaded by either argument. Wife presents us with no basis for arriving at a figure other than $550,000, except that that figure is less than one half of the value of husband's interest in the trust. However, given the fact that the trust was not the only property in the marital estate nor the only property that was included in—or considered in reaching—the trial court's overall division, wife's contention does not demonstrate that the change she seeks or any other changes that we might make would represent a significant improvement over the figure at which the trial court arrived. *See McCoy and McCoy*, 28 Or App 919, 562 P2d 207, *mod* 29 Or App 287, 563 P2d 738 (1977). Similarly, we discern no reason why a remand to the trial court is necessary. The parties have had a full opportunity to present evidence and the trial court has already made a determination of the appropriate amount of the money judgment—albeit that amount was not included

---

[4] Wife makes that argument through what she describes as a "cross-assignment of error." No cross-assignment or cross-appeal is necessary to raise the point. Husband has appealed and assigned error to the trial court's property division. He has succeeded in demonstrating error. Consequently, a modification of the property division is necessary by virtue of his appeal.

In *Taylor and Taylor*, 124 Or App 581, 863 P2d 473 (1993), *rev den* 319 Or 626 (1994), we held that we could not increase the amount of the money judgment that the trial court had awarded wife, because husband was the appellant and wife had not cross-appealed. Here, unlike *Taylor*, we are effectively replacing an award of real property with a money judgment, rather than increasing an existing money judgment, and we are doing so in response to *husband's* argument that the trial court had no authority to direct the distribution of the real property.

Wife also makes a second cross-assignment, through which she seeks an award of spousal support, in the event that we reverse the trial court's property division. Although we are providing for a property distribution that is *functionally similar* to that of the trial court, our disposition *does* modify the property division in the judgment. However, the cross-assignment does not suffice to raise the spousal support issue. Because the judgment awarded no spousal support, a cross-appeal was necessary in order to obtain that relief that the judgment did not give wife. *See Artman v. Ray*, 263 Or 529, 501 P2d 63, 502 P2d 1376 (1972); *Hofer v. Hofer*, 244 Or 88, 415 P2d 753 (1966); *Taylor and Taylor*, 124 Or App 581, 863 P2d 473 (1993), *rev den* 319 Or 626 (1994).

in the final judgment. There is no reason for not finally resolving the issues now, in the exercise of our *de novo* review. We conclude that husband should pay wife a money judgment of $550,000, in lieu of the direct transfer of trust assets that we have held the trial court lacked the authority to order. Of that amount, $450,000, the equivalent of the value of the two trust properties that the trial court ordered distributed, shall be paid within 30 days of the entry of the appellate judgment.[5]

Judgment modified to delete paragraphs 4 through 4.3 and paragraph 11, and to award wife a money judgment of $550,000, of which $450,000 shall be payable within 30 days and the balance within one year from the entry of the appellate judgment, with interest thereon at the statutory rate; otherwise affirmed.

---

[5] We are aware that the amount is a large one to bring into liquidity within the time allowed. However, husband as trustee and beneficiary has virtually immediate access to and the right to receive the two trust properties.