On respondent's petition for reconsideration filed February 3, motion for extension of time allowed; reconsideration allowed; opinion (158 Or App 41, 973 P2d 361) adhered to March 31, 1999

In the Matter of the Marriage of

Linda Jean JONES,
*Respondent,*

*and*

Thomas Douglas JONES,
*Appellant,*

*and*

Thomas Douglas JONES,
Trustee of the Anna Mae and David H. Jones
Testamentary Trust B and the Thomas and
Linda Jones Revocable Family Trust,
*Third-Party Respondent-Appellant,*

*and*

Esther Mae JONES,
a child attending school,
ORS 107.108(4),
*Respondent.*

(94P-20702; CA A92957)

981 P2d 338

Russell Lipetzky for petition.

No appearance *contra*.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Linder, Judge.

DEITS, C. J.

## DEITS, C. J.

Wife petitions for reconsideration of our decision in this dissolution of marriage action. *Jones and Jones*, 158 Or App 41, 973 P2d 361 (1999).[1] We allow reconsideration and adhere to our opinion.

We will not repeat at length the facts or the analysis that are set out in our original opinion. For purposes of the present exercise, it is sufficient to note that, in that opinion, we agreed in some measure with husband's argument that the trial court did not have the authority, in structuring the property division, to order direct disposition of the assets of a trust of which husband was the trustee.[2] Consequently, we modified the judgment by replacing the trial court's disposition of that kind with a money judgment that was owable from husband individually to wife. Further, we required that a portion of that judgment, approximately equal in amount to the value of the trust properties that the trial court had disposed of directly, was to be paid to wife within 30 days.

The appeal was submitted to us on the record and briefs on August 29, 1997. In petitioning for reconsideration, wife surmises that, in our decision on the appeal, "this court was obviously operating under the mistaken belief that [husband] remains the trustee." Wife informs us that, contrary to that belief, husband was removed and a successor trustee was appointed on October 21, 1996, in a trust accounting proceeding that is unconnected to this action. The order was entered in that proceeding after the trial court entered its judgment in this case, but before the last brief in this appeal—husband's reply brief—was filed.

Wife states in her petition that, given our misunderstanding:

"There is no realistic way that Linda Jones will ever collect judgment against Mr. Jones under the court's current ruling. Linda Jones therefore respectfully requests the

---

[1] Wife's petition for reconsideration is untimely under ORAP 6.25(2). She has moved for an extension of the time for filing it. We allow that motion.

[2] Husband is a party to the dissolution action and to the appeal in both his personal capacity and as the trustee.

court's reconsideration of its ruling and suggests one of two alternative outcomes:

"1. As part of the bond and stay procedures related to the filing of the appeal, Thomas Jones executed deeds transferring some of the trust's real property to himself as an individual, and also executed deeds transferring those properties from himself as an individual to Linda Jones. * * * Those deeds have been tendered to the trial court, where they are currently being held. The trial court has already determined, and this court recited in its opinion, that the value of that real property is $450,000, and it is apparent that this court intended that property to be liquidated so the judgment amount of $450,000 could immediately be paid to Linda Jones. It would make sense, and would be consistent with the court's intent and prior decision, to simply release the deeds to Linda Jones in lieu of the $450,000 money judgment. She may then proceed to liquidate the properties, or not, as she sees fit.

"2. In the alternative, the court should direct the successor trustee, Larry Glaze, CPA, to liquidate the real property or otherwise acquire the funds to pay to Linda Jones the judgment which this court envisioned that Thomas Jones, as trustee, would immediately be able to pay. In other words, whatever action this court intended Thomas Jones to undertake could and should be undertaken by the successor trustee. If procedurally necessary, there does not appear to be any reason that the successor trustee may not at this time be joined as a party to the proceeding, given that Thomas Jones *as trustee* was already a party to the proceedings." (Emphasis wife's.)

Wife is correct that, during its consideration of this appeal, it was the understanding of the panel of this court that considered the case that husband had been and remained the trustee of the trust at all relevant times. The briefs of both parties and the trial court record that was under review were uniformly to that effect. Indeed, wife's brief, which was filed two months after husband's removal from the position, depends in part on his continuing status as trustee for her arguments that husband was properly joined in both that capacity and his individual capacity and that the direct relief against trust assets that was ordered by the trial court was proper.[3]

_____

[3] Both parties' opening briefs and husband's reply brief refer in passing to the pending trust accounting suit and to the fact that husband's removal was one of the

Although it is at least arguable that a substitution of the new trustee should have been sought by one party or both after the order of removal was entered,[4] we do not suggest that the parties did anything improper by focusing their arguments in the appeal on the state of affairs that existed at the time of trial. By the same token, however, this court has no way of knowing that the *status quo* has changed unless someone with that information apprises us of it.

■ In this case, husband's attorney attempted to do precisely that. He filed motions on September 27, 1996, and again on January 21, 1997, requesting us to take judicial notice of the accounting suit generally and of husband's removal as trustee specifically. Wife objected to that "request for judicial notice," contending, *inter alia*:

> "The pleadings which [husband] seeks to have judicially noticed were all filed subsequent to the judgment in the instant case, and therefore could have no possible bearing or relevance to a *de novo* review of the judgment being appealed in the instant case.
>
> "* * * Pleadings from an unrelated and subsequent court case are not 'adjudicative facts' subject to judicial notice under OEC 201."

By order dated May 6, 1997, Chief Judge Richardson denied husband's requests for judicial notice.[5] That order may or may not have been correct. If it was erroneous, however, wife invited the error. Given that the major premise of her present petition for reconsideration is that we acted without the information that husband attempted to impart to us through the requests for judicial notice that she successfully resisted, her present complaints about the state of our knowledge come very late in the day.

---

remedies that the plaintiff sought in that suit. None of the briefs informs us, however, that the remedy was given.

[4] Leaving the order itself aside, the final judgment in the trust accounting action was entered two weeks before the appeal in this case was at issue.

[5] Consequently, neither the requests nor the information they contained were ever before this court in its decisionmaking role, nor were they in fact known to the panel of the court that made the decision.

Later in May, husband's attorney moved to withdraw, citing a "complete breakdown in the communications with [his] client," rendering further representation impossible. That motion was granted.

■ Even leaving that aside, however, both of the specific actions that wife's petition asks us to take presuppose that we have authority to deal directly with the trust property, when that is precisely what we held in our original opinion that neither the trial court nor we could do under the circumstances of this case. Wife's petition offers no reason why our opinion was wrong in that regard, and husband's removal as trustee and the appointment of a successor have no bearing on the correctness of our conclusion.

Motion for extension of time allowed; reconsideration allowed; opinion adhered to.