## In the Matter of the Marriage of

Susan E. ALBERS,
*Respondent,*

*and*

Vincent G. ALBERS,
*Appellant.*

98-06-38791; A107624

23 P3d 430

Michael R. Jordan argued the cause and filed the brief for appellant.

Bruce E. Anderson argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

* Deits, C. J., *vice* De Muniz, J., resigned.

## WOLLHEIM, J.

Husband appeals a dissolution judgment, assigning error to the trial court's division of marital property. On *de novo* review, ORS 19.415(3), we reverse and remand.[1]

Wife and husband were married in 1986 and had lived together for the two years immediately preceding the marriage. They have two children, and wife cares for a third child from a previous relationship. While wife and husband were living together, wife received an inheritance of money and a one-third interest in a farm. Wife's mother, Nadean, and her brother, Charles, inherited the other two-thirds interest in the property. Wife and husband lived in Portland until 1989, when they moved to La Grande to live with Nadean on the inherited property. In La Grande, wife was a homemaker and helped Nadean and Charles manage leases on the farm land. Husband attended college and worked part-time jobs. By 1995, husband had obtained a bachelor's degree in art, a master's degree in teacher education and a teaching certificate. Wife has a high school education. Wife filed for dissolution of the marriage in 1998.

In 1977, wife's great aunt, Stella Grimmett, made wife, Nadean, Charles, and Shriners Hospital equal residuary legatees in her estate. Grimmett died in 1984. Wife, Nadean, and Charles eventually bought out Shriners Hospital's interest in the real property. Wife received inheritance money in 1984 and in 1985. In 1986, several days before her marriage to husband, wife received an undivided one-third interest in the La Grande farm.

Wife initially deposited her inheritance money into investment accounts. In 1985, she withdrew some money to use as a down payment on a house in Portland. When wife and husband sold the Portland house, the income generated from that sale was deposited in a new investment account. Eventually, all of wife's inheritance money was invested into three separate accounts. Husband's name was added to two of the accounts; one remained in wife's name only. Husband never directly contributed money to the funds of any of the

---

[1] All statutory references are to the 1997 versions of those statutes.

accounts. The parties used interest income and principal from all the investment accounts throughout the marriage for family expenses. At the time of dissolution, each account had decreased in value.

In addition to money, wife inherited a one-third interest in a farm. The farm, approximately 560 acres in size and valued at $560,000, contained a dwelling, several out-buildings, and farm land. In 1994, wife, Nadean, and Charles sold approximately 160 acres of farm land to the Zubricks and approximately 240 acres to the Kohrs. The latter sale was partially financed by the sellers and produces a monthly income. In 1995, wife and Nadean bought out Charles's interest in the remaining 157 acres and buildings using, in part, the Kohrs's monthly receivable to pay Charles.[2] Husband's name did not appear on any real estate documents for the farm until the 1995 contract to purchase Charles's interest. Wife and husband continued to live in the dwelling located on the farm until they separated.

In 1999, the trial court issued a judgment of disso-lution. That judgment determined child custody and visita-tion issues, ordered husband to pay child support, and divided the marital property and debts.[3] The trial court con-cluded that husband was not entitled to any interest in the farm property nor in the investment account under wife's name. The trial court equally divided the two investment accounts under both wife's and husband's names, as well as the personal property. Husband appeals the property divi-sion, arguing that the trial court erred when it determined the ownership and division of wife's inheritance, or, in the alternative, that the trial court erred when it failed to equally divide the appreciation during the marriage of wife's inheritance.

---

[2] The parties have described the inherited property as a 560-acre farm and the parcels sold as being 160 acres and 240 acres in size. Tax records indicate that the size of the farm in 1999 was 157.27 acres. We recognize that, if read literally, "the numbers don't add up." Consequently, we accept the 157.27-acre description as accurate and the other descriptions as only approximate.

[3] The dissolution of the marriage and child support, custody and visitation are not in dispute.

■ In marital dissolution cases, marital assets are subject to a statutory rebuttable presumption of equal contribution and ownership. ORS 107.105(1)(f).[4] *Stice and Stice*, 308 Or 316, 325, 779 P2d 1020 (1989). The presumption of equal contribution also applies when one spouse acquires property by gift or inheritance during a marriage. *Pierson and Pierson*, 294 Or 117, 122, 653 P2d 1258 (1982). A spouse may rebut the presumption by demonstrating "that the property was acquired by one spouse uninfluenced directly or indirectly by the other spouse." *Stice*, 308 Or at 325-26. However, ORS 107.105(1)(f) ultimately authorizes and requires courts to distribute all property of the spouses "as may be just and proper in all the circumstances" regardless of whether or not the statutory presumption of equal contribution has been rebutted. Consequently, even though courts generally divide marital assets on as equal a basis as possible, in appropriate instances, an unequal property division may nevertheless be just and proper. *Richardson and Richardson*, 307 Or 370, 379-82, 769 P2d 179 (1989).

■ We turn to the facts here to determine whether wife's inheritance is subject to the presumption of equal contribution since it was acquired before the marriage. In some circumstances, the presumption of equal contribution applies to periods before marriage when the parties cohabited and commingled their assets. *Troffo and Troffo*, 151 Or App 741, 746-47, 951 P2d 197 (1997). Here, wife and husband were cohabiting for nearly two years before they were married. During that period, they shared a joint bank account from which they paid bills and shared other living expenses. Wife and husband commingled their assets and jointly managed their personal and economic affairs in a manner consistent with a marital relationship. Also during that period, wife received her inheritance. We therefore conclude that, under

---

[1] Relevant portions of ORS 107.105(1)(f) provide that when a court grants a decree of marital dissolution it may also further provide:

"For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. * * * There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

those circumstances, wife's inheritance is subject to the presumption of equal contribution.

We next examine whether wife has rebutted the presumption of husband's equal contribution to her inheritance. Where evidence demonstrates that one spouse's inheritance was acquired without contribution by the other spouse, the presumption of equal contribution is rebutted. *Becker and Becker*, 122 Or App 567, 570, 858 P2d 480, *rev den* 318 Or 60 (1993). Additional factors are also relevant to our analysis at this step. First, even though an asset is brought to a marriage by one spouse and is held independently of the other, the other spouse may be entitled to an equal share of the appreciation in value, during the marriage, of that asset. *See Massee and Massee*, 328 Or 195, 206, 970 P2d 1203 (1999) (appreciation during the marriage of separately held property is a marital asset). Second, the extent to which the parties commingle their assets bears upon whether an asset is treated as separate or joint, *i.e.*, a spouse may rebut the presumption of equal contribution for a marital asset, but if that spouse later commingles that asset, it will no longer be treated as separate. *Hering and Hering*, 84 Or App 360, 363, 733 P2d 956, *rev den* 303 Or 534 (1987).

The record indicates that Grimmett made her will in 1977, long before wife met husband. Furthermore, testimony revealed that Grimmett never met husband. We therefore conclude that husband was not the object of Grimmet's donative intent and that wife's inheritance was uninfluenced by husband. We conclude that wife has rebutted the presumption of equal contribution regarding the inheritance.

However, wife did not treat all of her inheritance equally. Wife used some of her inheritance money to purchase a house in Portland where husband and their children lived. Husband did some remodeling of that house and also built a deck. When that house was sold, the proceeds of that sale went into an investment account under both wife's and husband's names. We conclude, as did the trial court, that the joint investment account derived from the sale of the Portland home constitutes a commingled asset and should be divided equally between wife and husband.

██ ██ Wife created the other two investment accounts by directly depositing inheritance money into those accounts. She treated those two accounts differently. One account she made joint with husband, while the other was in her name only. Her treatment of those accounts indicates that she intended one account to constitute a commingled asset and the other to remain independent. We agree with the trial court that the proper distribution of those accounts is to divide the joint account equally and to award the individual account entirely to wife. Because the value of the individual account decreased over time, there is no appreciation in value of that asset that husband is entitled to share. In summary, our distribution of the three investment accounts is identical to the distribution ordered by the trial court.

The remaining inheritance asset at issue is the farm. After the dissolution hearing, the trial court issued a memorandum opinion. In that opinion, the court concluded, among other things, that wife rebutted the presumption of equal contribution regarding the farm and addressed the property division of the farm land and buildings. The court found that husband did not make a contribution to the increase in value, if any, of the farm property, but that husband did help maintain the home by painting it, putting up walls in a bedroom, erecting fences, and doing some remodeling. The court concluded that husband was entitled to share in the increase in value of the home and land immediately surrounding the home while he lived there. However, the court was unable to determine the value, if any, of husband's share of the increased value of the home. The court requested input by both parties, within 14 days, as to the value of the home and the other dwellings in 1989, when wife and husband moved to the property, and at the time of the divorce.

Several days later, wife submitted insurance documents from which the replacement value of the house and other outbuildings could be determined for 1989 and 1999. Husband submitted a letter that argued that the values of the various components of the property were inseparably interdependent, that the value of the property increased by $500,000 during the parties' relationship/marriage, and that husband was entitled to half of wife's interest in that increase. Husband also urged the trial court to reconsider its

decision that the presumption of equal contribution to the inheritance itself had been rebutted. In a subsequent letter, husband objected to the use of insurance documents in valuing the properties on the grounds of hearsay, relevance, and lack of foundation. That letter concluded that the value of the farmhouse cannot be determined separately from the rest of the farm property. The trial court agreed with husband that the value of the farmhouse cannot be separated from the value of the remainder of the property and found that husband was not entitled to any interest in the farm property, including the house. The judgment awarded the farm property to wife.

The trial court erred in its analysis concerning the farm property. Although the trial court was correct that wife rebutted the presumption of equal contribution to the inheritance of the property, husband was entitled to share in the appreciation, during the marriage, of that asset even though it was held separately by wife. *Massee*, 328 Or at 197. From evidence in the record, we calculate the appreciation in value of the property as follows:[5] The value of the dwelling increased by $54,400; the value of the outbuildings increased by $11,346; the value of the farm land increased by $511 per acre or a total of $81,760 for the 157 remaining acres. The total appreciation in the remaining farm property at the time of dissolution was $147,506. Wife has a one-half interest in that appreciation, or $73,753. Husband claims an equal interest in wife's share, or $36,876.50. We therefore reverse the trial court's division of marital property and remand for the court to consider husband's interest in the appreciation of the farm property.

---

[5] Our calculations are based upon the total property valuations contained in exhibits in the record and those used by the trial court. Values for the house and outbuildings are obtained from the insurance documents submitted by wife. We recognize that those documents provide values for those buildings in 1989 instead of 1986, the year of inheritance. However, the trial court requested that husband submit evidence regarding the value of those buildings. Husband could have submitted 1986 values in support of his argument that he was entitled to an equal share in the appreciation of the inheritance asset during the marriage. Not only did husband not submit 1986 values, he failed to provide any values for the house and outbuildings as the trial court requested. Consequently, we work with the values that were submitted and are contained in the record.

Reversed and remanded with instructions for trial court to enter division of marital property consistent with this opinion.